Hamilton S. DAVISON, Defendant, Appellant,

v.

Zayda FERNANDEZ in Her Own Right and as Mother With Patria Potestas Over Her Minor Child Mary Ann Davison Fernandez, Plaintiff, Appellee.

No. 5422.

United States Court of Appeals First Circuit.

March 3, 1959.

Enrique Igaravidez, San Juan, P. R., for appellant.

Abelardo Ruiz-Suria, San Juan, P. R., on motion of appellee to dismiss or affirm.

Before MAGRUDER, Chief Judge, and WOODBURY and HASTIE, Circuit Judges.

WOODBURY, Circuit Judge.

In February 1954 the Superior Court of Puerto Rico, San Juan Part, entered a decree by default granting the plaintiff-appellee, Zayda Fernandez, a divorce from the defendant-appellant, Hamilton S. Davison, and awarding to her, as the party obtaining the divorce, the *patria potestas* of the minor daughter born of the marriage. No request for an award for the support of the minor daughter was made in the complaint filed by Zayda Fernandez in her suit for divorce, but nevertheless the court on that complaint, acting under a provision added to § 107 of the Civil Code by amendment, Act 112 approved April 25, 1950, Laws of Puerto Rico 1950, page 288, 31 L.P.R.A. § 383 quoted in the margin,[1] directed Davison to pay through the office of the clerk of court an allowance for the support of his daughter of $100 per month. Davison was served with process in the suit for divorce but as already noted he did not appear to defend it. Nor did he move for reconsideration of the decree entered against him therein, or appeal, with the result that the decree became final.

About two years later, on February 29, 1956, Zayda Fernandez in her own right, and also as the mother with *patria potestas* of her minor daughter, brought the instant suit against Davison in the same court to recover instalments alleged to be due for the support of their child under the decree entered in the suit for divorce.

Davison was served with process and appeared, and in his answer asserted that the judgment entered against him in the suit for divorce, insofar as it made allowance for the support of the child, was null

and void because no claim for such an allowance had been made in the complaint, and, since the decree in that case was entered by default, "the pronouncement as to the amount of an allowance for support was made without this defendant having had an opportunity to defend himself nor to have a day in court, and therefore, without due process of law."

The Superior Court rejected this defense, and reducing for the future the amount of the monthly allowance for the support of the daughter, gave judgment for the plaintiff. On appeal the Supreme Court of Puerto Rico affirmed and Davison thereupon took the appeal now before us.

Both the Superior Court and the Supreme Court of Puerto Rico recognized the usual rule that judgments entered by default may not give other or more extensive relief than that asked for in the pleadings. See Rule 54(c) F.R.Civ.P., 28 U.S.C.A. adopted by the Supreme Court of Puerto Rico as Rule 54(c) of the Rules of Civil Procedure for the Courts of Puerto Rico, 1943, and the present Rule 44.3 of the Rules of Civil Procedure for the General Court of Justice, 1958. 32 L.P.R.A.App. (1956), Supp. (1958). But both courts held the usual rule inapplicable in the case at bar for the reason that the amendment of § 107 quoted above requires as a matter of law that when a court grants a divorce it must also make appropriate provision for the support of any minor children born of the marriage, without regard to whether either of the contending spouses asks for such provision, with the result that anyone served with *notice of a complaint for divorce* must be held to know that even though support for such minor children is not requested, the court nevertheless must of necessity make whatever provision it may think appropriate in that regard.

The Superior Court said:

"A defendant in a divorce suit must know that if a judgment of

---

1. "When rendering judgment in cases of divorce, the judge shall provide as may be pertinent for the support of the minor children."

divorce is rendered against him, the *patria postestas* over the minor children born during the marriage being dissolved is awarded to the innocent spouse. He must know, moreover, that pursuant to law, the Judge, upon decreeing the divorce, shall provide as may be pertinent for the support of the minor children."

And then the Superior Court added:

"This case, in our opinion, is noticeably different from the usual case where judgment by default is entered in other actions, for the reason that the Legislature expressly intended to protect the minor children of contending spouses and not to leave them to the discretion of one or both litigants with respect to their support. The judgment must contain some provision with respect to the support for minor children."

█ The Supreme Court of Puerto Rico reached the same conclusion. Referring to the amendment of § 107 of the Civil Code quoted in the margin above it said:

"This precept imposes on the judge the duty to make provision in his divorce decree for the support of the minor children. It is imperative and incidental to the divorce decree. The action filed is that of divorce, and it is sufficient if the complaint contains the allegations incidental to this class of actions. It is not absolutely necessary to include in the complaint a claim for the support of minor children nor a prayer for that remedy. Every defendant should know that by statutory provision the judgments entered in divorce suits should provide for the support of the minor children. The rule is no different when the defendant, as here, is in default. Therefore, the lack in the complaint for divorce of the claim for support of the minor children and the absence of a prayer for an adequate remedy, do not render void a divorce decree awarding such support, even though it has been entered by default against a defendant who has been summoned personally."

Certainly it cannot for a moment be said that the Supreme Court of Puerto Rico was "inescapably wrong" or "patently erroneous," De Castro v. Board of Com'rs, 1944, 322 U.S. 451, 454, 64 S.Ct. 1121, 88 L.Ed. 1384, in construing the language of the statutory provision under consideration as mandatory. Indeed, it is hard to see how that provision could be construed otherwise than as commanding courts when granting divorces to make whatever provision for the support of minor children, if there are any, as the circumstances of the case may seem to require, whether or not such support is asked for by the participants in the suit. Nor does the statute as so construed present any serious question with respect to due process of law.

The only requirement of due process which concerns us here is the requirement that every defendant shall have fair notice of the nature of the claim made against him by the plaintiff to the end that he may prepare his defense and have the benefit of the plea of *res judicata* should the plaintiff sue him again on the same claim. No doubt ordinarily notice of the nature of a plaintiff's claim is derived from the language of the complaint itself. But the Constitution does not require that notice be given only in that way. We have no doubt that in the eyes of the law the constitutional requirement with respect to notice embodied in the due process clause is satisfied, not only when notice is derived from specific language contained in the complaint itself, but also when, as in the instant case, notice is derived from general language in the complaint read in the light of applicable statutory provisions specifying the nature of the relief required to be given on complaints of the kind involved.

█ Equally without merit is the appellant's further contention that the amendment of § 107 is unconstitutional for the reason that as construed by the Supreme Court of Puerto Rico it requires an award for the support of minor chil-

dren whether they have any need for such an award or not. All that is required to be said in this connection is that the amendment as it reads and as it has been construed does not require an award for support regardless of need. The amendment only requires that the question of support of minor children shall not be disregarded in entering a divorce decree; it leaves to judicial discretion the determination of what may be "pertinent," that is to say, "appropriate," for their support, be that much, little or perhaps in extraordinary cases nothing.

Judgment will be entered affirming the judgment of the Supreme Court of Puerto Rico.