Delia Rodríguez Rodríguez, demandante y recurrida, *v.*
Jaime A. Vázquez Flores, demandado y peticionario.

*Número:* O-82-346      *Resuelto:* 21 de octubre de 1982

*Rafael A. Oliveras López de Victoria,* abogado del peticionario;
*Josephine Meléndez Maura,* abogada de la recurrida.

PER CURIAM: El 15 de enero de 1982 el tribunal de
instancia dictó sentencia en rebeldía en la que declaró con
lugar la demanda de divorcio y dispuso que el demandado
debería satisfacer en concepto de pensión alimenticia la
suma de $200 quincenales para beneficio de sus hijos
menores.

El 5 de febrero de 1982 el demandado presentó una
moción de relevo de sentencia, fundada esencialmente en su
incapacidad económica para asumir la totalidad de la carga
representada por la pensión alimenticia. El demandado
señaló a tal efecto que desde el 1 de octubre de 1981 su
puesto había sido reclasificado a guardia de seguridad y
que su sueldo fue rebajado de $730 a $520 mensuales. La
demandante devenga ingresos de $111 semanales.

El tribunal de instancia dictó una orden el 19 de mayo
de 1982 en que se resuelve que el demandado es acreedor a
una reducción de los alimentos fijados a $200 mensuales, a
partir de la fecha de la orden y que deberá satisfacer en
determinados plazos el remanente de $1,800 acumulado
desde la emisión de la sentencia.

El demandado acudió en alzada a este foro y el 10 de junio de 1982 dictamos orden de mostrar causa por la cual no deba hacerse retroactiva al momento de su solicitud la rebaja ordenada.

*Fernández* v. *Davison,* 80 D.P.R. 253 (1958), 264 F.2d 131 (1st Cir. 1959), fija la regla vigente en esta jurisdicción sobre la retroactividad de las pensiones alimenticias. *Fernández* rechaza acertadamente el argumento de que "como la reclamación de alimentos se retrotrae a la fecha en que se interponga la demanda, también la reducción de la cuantía de la pensión fijada debe retrotraerse a la fecha en que se solicita la reducción". Pág. 258. No existe base estatutaria para norma de tal rigidez, la cual puede representar un incentivo para retrasos por los alimentantes. *Fernández* reconoce, en vez, que pueden darse situaciones en que proceda fijar retroactivamente una reducción de la pensión.

La cuestión que se suscita en tales circunstancias es de orden fáctico. Normalmente no intervendremos con la discreción del juzgador. En el caso de autos, sin embargo, es tan clara la incapacidad del recurrente para satisfacer una pensión de algo más de $400 con $500 mensuales de sueldo, que, en justicia, debemos intervenir.

*Se expedirá en consecuencia el auto solicitado, se modificará la sentencia recurrida para hacerla retroactiva al 5 de febrero de 1982 y se devolverá el caso a instancia para que ordene lo que corresponda respecto al pago de las pensiones atrasadas a dicha fecha.*