LUIS ALBERTO VALENCIA, NELLY RIOLLANO RODRÍGUEZ, peticionario el primero, *Ex parte.*

*Número:* CE-85-702    *Resuelto:* 15 de enero de 1986

910

*Luz De Borinquen Dávila,* de *Dávila & Pagán,* abogada del peticionario; *José A. Torres Zayas,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Aun cuando los hechos que dan lugar al presente recurso de *certiorari* son relativamente sencillos, los mismos son representativos de una de las áreas del derecho más problemáticas en la administración de la justicia en Puerto Rico por razón del gran número de asuntos que genera ante los tribunales: los procedimientos post divorcio relativos a las pensiones alimenticias para los hijos menores de edad procreados durante el matrimonio. Véase *Martínez* v. *Rivera Hernández,* 116 D.P.R. 164 (1985).

I

El vínculo matrimonial que unía a las partes fue disuelto mediante sentencia de fecha 6 de abril de 1984 dictada por el

Tribunal Superior de Puerto Rico, Sala de Carolina, en un procedimiento de divorcio por consentimiento mutuo. En la misma, dicho foro le impartió su aprobación a la estipulación de las partes referente a la pensión alimenticia que para sus hijos menores de edad vendría obligado a satisfacer el aquí recurrente: la suma de $363 quincenales desde el 1ro de marzo de 1984 y la cantidad de $425 quincenales a partir del 1ro de marzo de 1985. (¹) El recurrente, habiendo cumplido hasta el mes de julio de 1984, sufre una serie de reveses —consistentes los mismos en la "pérdida" de su trabajo y el haber estado hospitalizado por un gran período de tiempo (²)— que le dificultaron cumplir con los compromisos que contrajera con sus hijos y el tribunal.

Habiendo realizado el recurrente con motivo de lo anteriormente expresado pagos esporádicos y parciales de la pensión alimenticia impuéstale por el tribunal, la aquí recurrida radica el 14 de marzo de 1985 una moción de desacato alegando que el recurrente le adeudaba, por concepto de las pensiones alimenticias no satisfechas, la suma de $6,555.60. Luego de ser citado para la celebración de la correspondiente vista, el recurrente radica una moción solicitando rebaja de la pensión alimenticia que le fuera impuesta en vista de su precaria situación económica y estado de salud; adicionalmente radicó una "moción para que se haga ajuste a deuda", en la cual solicitó se le eximiera del pago de la pensión durante el tiempo que estuvo hospitalizado y en recuperación.

En relación a dichas solicitudes de rebaja y ajuste de pensión alimenticia, el foro de instancia emitió una orden que,

---

(¹) Además de las cantidades antes mencionadas, el recurrente venía obligado a mantener un plan médico para los hijos, a pagar las matrículas escolares de los mismos, y, adicionalmente, un seguro de vida.

(²) El recurrente, alegadamente debido a un incidente ocurrido en el trabajo en que estuvo envuelta su ex esposa, se vio obligado a renunciar del mismo. En adición, se alega que en el término de un año fue sometido a cuatro (4) intervenciones quirúrgicas que lo mantuvieron sin poder trabajar por un considerable período de tiempo.

literalmente transcrita, lee de la siguiente forma: "Una vez ponga al día su pensión veremos la rebaja de pensión." Solicitada la reconsideración, el tribunal de instancia ratificó la misma. Inconforme, ha acudido el recurrente ante este Tribunal mediante el correspondiente recurso de *certiorari* imputándole al referido foro, en síntesis, haber errado al negarse a considerar la solicitud de rebaja hasta que se "ponga al día" y al negarse a concederle "un crédito" por el tiempo en que estuvo hospitalizado e incapacitado para generar ingresos. Le concedimos término a la parte recurrida para expresarse respecto al recurso radicado; ha comparecido. Resolvemos.

## II

■ No hay duda que resulta incomprensible, y hasta repugnante, la actitud de regateo que respecto al pago de las pensiones alimenticias de sus hijos asumen muchos padres. Es por eso que allí donde se demuestre que la falta de pago de las referidas pensiones es producto del capricho y la arbitrariedad, los tribunales deben ser fuertes y rigurosos en lograr que dichos padres cumplan con su deber. Debe mantenerse presente que, al igual que en cualquier otro caso, una determinación de hecho a esos efectos realizada por un tribunal de instancia en esta clase de casos no será alterada en apelación a menos que se nos demuestre que la misma es claramente errónea o producto de pasión, prejuicio o parcialidad. Véanse *Morán Simó* v. *Gracia Cristóbal*, 106 D.P.R. 155 (1977); *Rodríguez* v. *Concreto Mixto, Inc.*, 98 D.P.R. 579 (1970).

■ El hecho de que la experiencia nos demuestra que en la mayoría de los casos las negativas de pagar estas pensiones desafortunadamente son hijas de la arbitrariedad, no puede llevar a los tribunales al establecimiento de reglas inflexibles y férreas a ser aplicadas en todos los casos por igual. El automatismo y absolutismo no tienen cabida en los procedimientos judiciales de nuestro ordenamiento jurídico. El

propósito primordial que anima todos los esfuerzos de los funcionarios envueltos en esta delicada misión —la de hacer justicia— así no lo permite.

■ A nuestro juicio nada impide que, como regla general, los tribunales de instancia entiendan en una moción de rebaja de pensión alimenticia, aun cuando el peticionario en ese momento no esté al día en el pago de las mismas. Son dos cuestiones completamente separadas y distintas. Por un lado, y respecto a la suma de dinero no pagada, en ausencia de una explicación satisfactoria respecto a la causa para el incumplimiento, los tribunales de instancia podrán hacer uso de todo su poder coercitivo con el fin de lograr que los hijos reciban la pensión alimenticia en controversia que en determinado momento ese tribunal en particular entendió procedente; curso de acción con el cual, repetimos, no intervendremos a menos que se nos demuestre que es resultado del abuso de discreción, *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965); *Vivas et al.* v. *Hernaiz, Targa & Co. et al.*, 24 D.P.R. 836 (1917).

Por otro lado, no vemos razón legal alguna para que el tribunal —independientemente de su determinación respecto a las pensiones atrasadas— no entre a resolver si, a la luz de la "nueva prueba" que respecto a dicho asunto le presente un peticionario, debe o no reducir la pensión hasta ese momento vigente. De nada sirve que se siga acumulado mes tras mes una pensión alimenticia por una suma determinada que en realidad un peticionario, debido a cambios en sus circunstancias personales y de trabajo, no puede seguir satisfaciendo. Una negativa de esta naturaleza irremediablemente llevará al tribunal a una situación insoluble; y ese nunca puede ser el propósito o fin que un tribunal de justicia debe perseguir. Procede en su consecuencia la revocación en cuanto a este aspecto, de la orden emitida por el foro de instancia.

## III

El peticionario, mediante la moción que radicara "para que se haga ajuste a deuda", solicitó adicionalmente del tribunal de instancia que le concediera un "crédito" por el período de tiempo —anterior a la fecha en que radicó la solicitud de rebaja de pensión— en que él no generó ingresos por razón de estar hospitalizado y en período de recuperación. Ello nos plantea la problemática sobre la facultad o no de los tribunales para intervenir con carácter retroactivo con las pensiones alimenticias "ya devengadas".

■ Una vertiente del tema —la fecha de efectividad de un dictamen judicial decretando la procedencia de una rebaja en la pensión alimenticia hasta ese momento vigente— ha sido objeto de atención por este Tribunal en varias ocasiones en el pasado. Véanse *Valdés* v. *Hastrup,* 64 D.P.R. 595 (1945); *García* v. *Tribunal de Distrito,* 69 D.P.R. 517 (1949); *Fernández* v. *Davison,* 80 D.P.R. 253 (1958); *López Gómez* v. *Tribunal Superior,* 103 D.P.R. 866 (1975); *Rodríguez Rodríguez* v. *Vázquez Flores,* 113 D.P.R. 377 (1982). Una lectura integral y armonizante de la citada jurisprudencia nos permite concluir que la norma vigente en nuestra jurisdicción respecto al punto específico antes mencionado es a los efectos de que, como regla general, la fecha de efectividad de la rebaja decretada deberá ser precisamente la del día en que se emite el dictamen autorizando la misma; pero que debido a que la habilidad o inhabilidad de un demandado para pasar una pensión alimenticia es una cuestión puramente de hecho, los tribunales de instancia tienen la autoridad y la discreción para disponer que la mencionada rebaja sea retroactiva a la fecha en que formalmente se solicitó la misma si la prueba lo justifica; y que de ordinario no intervendremos con la discreción del juzgador en esta clase de situaciones. Ratificamos la misma.

Es de notar, sin embargo, que en ninguno de los casos antes citados estaba envuelto el planteamiento presente en el caso que nos ocupa: el reajuste de la suma de dinero adeudada por concepto de pensiones devengadas *con anterioridad* a la fecha de la radicación de la solicitud de rebaja. Los comentaristas están divididos al respecto. Beltrán de Heredia expresamente contempla la posibilidad de que la variación obre retroactivamente desde el momento en que se produce de hecho la disminución de capital del alimentante. Véase M. Albaladejo, *Comentarios al Código civil y compilaciones forales,* 2da ed., Madrid, Ed. Rev. Der. Privado, 1982, T. III, Vol. II, pág. 45. Lacruz Berdejo y Sancho Rebullida recomiendan la retroactividad de la reducción cuando la misma tiene como base la reducción de las necesidades del alimentista. Véase J. L. Lacruz Berdejo y F. A. Sancho Rebullida, *Derecho de Familia,* 3ra ed., Barcelona, Ed. Bosch, 1978, T. II, pág. 232. Borrell y Soler, por otro lado, es categórico en cuanto a la no retroactividad de las variaciones. Véase A. M. Borrell y Soler, *Derecho Civil Español,* Barcelona, Ed. Bosch, 1954, T. IV, pág. 143. Su posición encuentra apoyo en la Sentencia del 14 de abril de 1913 del Tribunal Supremo de España.

Aun cuando es correcto que no existe disposición estatutaria alguna que impida el que así se establezca[3], poderosas razones de índole práctica y de política pública militan en contra de que se permita lo pretendido por el aquí recurrente. En primer lugar, la "exigencia" de que un alimentante que haya sufrido cambios que afectan su capacidad para proveer los alimentos que le han sido requeridos comparezca de inmediato ante el tribunal para así informarlo es una que, de ordinario, no es ni onerosa ni gravosa. Véase *López Gómez* v. *Tribunal Superior,* ante, pág. 868.

---

[3] La ausencia de estatuto que regule específicamente la fecha de efectividad de la rebaja de pensión que concede un tribunal fue reconocida expresamente en *Fernández* v. *Davison,* 80 D.P.R. 253 (1958) y *Rodríguez Rodríguez* v. *Vázquez Flores,* 113 D.P.R. 377 (1982), antes citados.

En segundo lugar, no podemos sustraernos de la realidad de que la experiencia demuestra que los alimentantes que así no actúan no pueden en la inmensa mayoría de los casos aducir razones válidas que justifiquen el no haberlo informado a tiempo al tribunal. Tampoco podemos sustraernos del hecho de que las necesidades de los menores, por lo general, aumentan con el pasar del tiempo; definitivamente las mismas no se reducen. Una madre que está envuelta en la difícil y solitaria labor de criar unos hijos necesita saber con certeza con qué dinero puede contar de semana en semana y de mes a mes para el sustento de sus hijos. Intervenir "a posteriori" con pensiones alimenticias ya "devengadas" con que esa madre contaba para poder cumplir con los compromisos contraídos —en relación con los cuales ni tan siquiera ha tenido el "aviso" de una solicitud de rebaja— causaría una desastrosa e inaceptable inestabilidad en esos hogares que no debe ser permitida. Somos del criterio, en resumen, que autorizar que se realice lo que pretende el aquí peticionario causaría un caos en las salas de relaciones de familia del tribunal de primera instancia —por cuanto tendría el efecto de fomentar aún más los atrasos en el pago de las pensiones alimenticias— que no justifica permitirlo.

█ Resolvemos, en su consecuencia, que los tribunales de instancia deben de abstenerse de intervenir con el monto de las pensiones alimenticias devengadas con anterioridad a la fecha de radicación de las solicitudes de rebaja de pensión alimenticia, (4) excepto en aquellas *situaciones extraordinarias* en que el alimentista pueda demostrar —en adición a la procedencia de la rebaja propiamente— que por razón de una enfermedad o accidente de índole incapacitante estuvo real-

---

(4)Los foros de instancia deben establecer la práctica de informarle a los alimentantes —al imponer la pensión alimenticia— sobre la obligación de informar de inmediato al tribunal de cualquier cambio en las circunstancias que afecten su capacidad para cumplir con la obligación impuesta.

mente imposibilitado de radicar a tiempo la moción de rebaja correspondiente. (⁵)

Acorde con lo arriba expuesto, procede devolver la cuestión a la consideración del tribunal de instancia para que éste, de entender procedente una rebaja de pensión, determine cuál debe ser la fecha de efectividad de la misma. Por las razones expresadas, *se expide el auto y se dictará sentencia modificatoria de la orden de fecha 16 de septiembre de 1985 emitida por el Tribunal Superior de Puerto Rico, Sala de Carolina. Se devuelve el caso a dicho foro para la continuación de procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Presidente Señor Pons no intervino.

---

(⁵) Situaciones que, demuestra la experiencia, por su carácter excepcional constituyen una exigua minoría. Advertimos que una determinación a estos efectos igualmente es una "puramente de hecho", *Fernández* v. *Davison*, ante, pág. 258, sujeta la misma a la sana discreción del tribunal de instancia. *Rodríguez Rodríguez* v. *Vázquez Flores*, ante.