EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Jeanne Rivera Sierra  Peticionaria  v.  Ángel Rivera Arroyo  Recurrido | Certiorari  2020 TSPR 22  204 DPR ____ |
|---|---|

Número del Caso:  CC-2020-129

Fecha: 28 de febrero de 2020

Tribunal de Apelaciones:

    Panel IX

Abogada de la parte Peticionaria:

    Lcda. Carmen Sara López García

Abogados de la parte Recurrida:

    Lcda. Keishla J. Martínez Souchet
    Lcdo. José A. Velázquez Grau

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jeanne Rivera Sierra<br><br>Peticionaria<br><br>v.<br><br>Ángel Rivera Arroyo<br><br>Recurrido | CC-2020-129 | *Certiorari* |

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2020.

Atendida la *Moción en auxilio de jurisdicción para la paralización de los procedimientos* presentada por la parte peticionaria Sra. Jeanne Rivera Sierra, se provee *no ha lugar*.

Se ordena a la Secretaría del Tribunal turnar el recurso en su trámite ordinario.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente. La Juez Asociada señora Rodríguez Rodríguez emitió un voto particular disidente, al que se unieron la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez. El Juez Asociado señor Estrella Martínez disiente y hace constar la siguiente expresión:

> El Juez Asociado señor Estrella Martínez respetuosamente disiente. En consecuencia, declararía con lugar la *Moción en auxilio de jurisdicción para la paralización de los procedimientos* y expediría la petición de *certiorari* por los fundamentos contenidos en el Voto particular disidente emitido por la compañera Jueza Grana Martínez del Tribunal de Apelaciones.

El Juez Asociado señor Colón Pérez disiente y hace constar la siguiente expresión:

El Juez Asociado señor Colón Pérez proveería _ha lugar_ a la _Moción en Auxilio de Jurisdicción_ y, en consecuencia, paralizaría todo trámite relacionado al presente caso ante el Tribunal de Primera Instancia en lo que esta Curia tiene oportunidad de pasar juicio sobre las controversias – relacionadas al derecho de alimentos de la joven Jeanne Rivera Sierra – ante nuestra consideración. Cónsono con ello, hubiese expedido el recurso de _certiorari_.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jeanne Rivera Sierra<br><br>Peticionaria<br><br>v.<br><br>Ángel T. Rivera Arroyo<br><br>Recurrido | **Núm.** CC-2020-0129 | |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez

San Juan, Puerto Rico, a 28 de febrero de 2020.

Disiento del curso de acción adoptado por la mayoría de este Tribunal para el recurso de epígrafe. En su lugar, proveería ha lugar la *Moción en auxilio de jurisdicción para la paralización de los procedimientos* y, en consecuencia, atendería el *certiorari* sin sujeción al trámite ordinario. La determinación de la mayoría, sin embargo, conlleva avalar la dilación de los procedimientos, así como el dispendio innecesario de recursos judiciales. Tal proceder contraviene el principio de economía procesal que debe regir todo pleito ante la consideración de nuestro sistema de justicia. Lo que es peor, el proceder de la mayoría resulta en la celebración de una vista a nivel de instancia en la cual se evaluará la procedencia de un remedio que no ha sido solicitado por ninguna de las partes en este litigio.

Según surge de la *Moción en auxilio de jurisdicción* y del *certiorari* presentado por la peticionaria, así como del

expediente que lo complementa, el juicio en su fondo pautado para el próximo, 3 de marzo de 2020, versa sobre la supuesta necesidad económica que debe demostrar la joven Jeanne Rivera Sierra para que proceda su reclamo de recobrar las pensiones vencidas y adeudadas por su padre, el Sr. Ángel Tomás Rivera Arroyo. Empero, este proceder respondería a una solicitud de pensión al amparo del Artículo 143 del Código Civil de Puerto Rico, 31 LPRA sec. 562. La referida disposición corresponde a los casos de alimentos entre parientes y no a aquellos supuestos en los cuales lo que se pretende es el pago de una deuda en concepto de una pensión alimentaria que fue adjudicada y establecida, pero no se satisfizo.

Un análisis de la controversia sobre la cual versa el caso de autos demuestra que la joven Rivera Sierra no ha solicitado el pago de alimentos con posterioridad a la fecha en que su padre solicitó y -en efecto- fue relevado del pago de la pensión alimentaria que éste debía pagar a su hija. Véase *Certiorari*, en la pág. 13. En otras palabras, y contrario a lo que concluyó el Tribunal de Primera Instancia, no estamos ante una solicitud prospectiva de alimentos, sino ante el reclamo de una deuda ya vencida. El trasfondo fáctico de este caso devela que el proceder de la mayoría opera en detrimento de los derechos e intereses de la joven Rivera Sierra. Veamos.

Jeanne M. Rivera Sierra advino a la mayoría de edad el 26 de diciembre de 2016. Véase *Certiorari*, en la pág. 2. Anterior a esto, el Tribunal de Primera Instancia había emitido una Resolución, el 27 de mayo de 2014, mediante la cual estableció que reconocía la validez de un acuerdo

extrajudicial entre los padres de la joven sobre la modificación de la pensión alimentaria. Por vía de este acuerdo, fijaron el pago de la pensión en mensualidades de $2,618.00 a favor de la entonces menor de edad, en adición al pago de otros gastos. Véase *Resolución*, Ap. en la pág. 265.[1] Esta cuantía no había sido modificada para la fecha en la cual la joven advino a la mayoría de edad.

El expediente refleja que, a partir de enero de 2017, el señor Rivera Arroyo incumplió con su obligación de pagar la pensión alimentaria a favor de la joven Rivera Sierra. Véase *Resolución y Orden*, Ap. en la pág. 230. La joven Rivera Sierra procuró el pago de las pensiones adeudadas en múltiples ocasiones mediante solicitudes ante el tribunal de instancia para que se encontrara al señor Rivera Arroyo incurso en desacato por no satisfacer la pensión alimentaria fijada. Véase *Certiorari*, en la pág. 4. Luego de diversos incidentes procesales, en la vista celebrada el 21 de marzo de 2019, el Tribunal de Primera Instancia atendió el asunto de las pensiones alimentarias adeudadas por el señor Rivera Arroyo a la joven Rivera Sierra. Véase *Minuta*, Ap. en la pág. 225. A estos efectos, el foro primario señaló una vista evidenciaria para determinar el monto de la deuda desde enero 2017 hasta el día de la vista a tenor de la pensión establecida. Dicho foro decretó que para la referida vista

---

[1] Cabe destacar que el señor Rivera Arroyo había incumplido reiteradamente con el pago de la pensión alimentaria con anterioridad a que su hija adviniera a la mayoría de edad. Por esto, la madre de la joven presentó una *Moción de Desacato.* Véase *Resolución*, Ap. en la pág. 264. Esto, en claro incumplimiento con la orden del tribunal y de la estipulación que voluntariamente había acordado.

no se iba a permitir descubrimiento de prueba adicional. *Íd.* Ello, puesto que se trataba de un mero cómputo matemático.

Posteriormente, el 25 de marzo de 2019, el Tribunal de Primera Instancia emitió una *Resolución y Orden* mediante la cual dispuso que el señor Rivera Arroyo estaba compelido a satisfacer la pensión alimentaria que le adeudaba a su hija desde enero de 2017 hasta abril 2019, fecha en que se hizo efectivo el relevo. Así, a través de este dictamen, el foro de instancia concedió la solicitud de relevo de pago de la pensión alimentaria según fue solicitado por el señor Rivera Arroyo en la vista y adjudicó las fechas de las cuantías adeudadas. Es decir, pasaron casi tres (3) años después de que la joven Rivera Sierra adviniera a la mayoría de edad hasta que el señor Rivera Arroyo solicitó en corte abierta el relevo del pago de la pensión alimentaria. Véase *Resolución y Orden*, Ap. en la pág. 231. Adviértase, además, que en la referida vista la representación legal de la joven Rivera Sierra informó que ésta no solicitaba alimentos entre parientes, sino que "[s]u interés e[ra] únicamente cobrar lo que se debe por pensión alimentaria ya vencida". *Íd.* Es imperativo resaltar que la determinación del foro primario que relevó al señor Rivera Arroyo de sus obligaciones alimentarias y determinó las fechas por las cuales sí debía responder no fue objeto de reconsideración o revisión alguna por lo que advino final y firme, y consiguientemente, pasó a ser la ley del caso.

Luego de varias vistas evidenciarias, en las cuales la joven Rivera Sierra alega no se pudo desfilar prueba, el foro primario celebró una vista de determinación de deuda de

pensión alimentaria.[2] Véase *Resolución*, Ap. en la pág. 159. Mediante esta resolución, se determinó inopinadamente que según lo establecido en una vista celebrada el 8 de agosto de 2019, es "importante escuchar la necesidad de la parte interventora [la joven Rivera Sierra] para reclamar esa deuda, ya que de los hechos surge que no se encontraba estudiante (sic) cuando advino a la mayoridad". *Íd.* en la pág. 160. Asimismo, en la referida Resolución, el foro primario expresó que "[e]l no ejercer un derecho que le correspondía no puede ser un subterfugio de la justicia, el tribunal escuchará la prueba pertinente a la determinación de deuda sujeta a la necesidad de la emancipada". *Íd.* La joven Rivera Sierra oportunamente solicitó la reconsideración de la Resolución, la cual fue declarada no ha lugar el 3 de octubre de 2019. Véase *Resolución*, Ap. en la pág. 147. Así las cosas, ésta recurrió al Tribunal de Apelaciones, el cual notificó su denegatoria a expedir el recurso el 10 de diciembre de 2019.[3] La joven Rivera Sierra presentó una solicitud de reconsideración ante el foro apelativo intermedio la cual fue declarada no ha lugar por medio de una Resolución notificada el 27 de enero de 2020. Véase *Resolución*, Ap. en la pág. 14.

---

[2] El expediente demuestra que, luego de varios trámites procesales, una jueza distinta pasó a presidir los procedimientos. Esta situación, sin embargo, de ninguna manera justifica que se dejen sin efecto las determinaciones previas relacionadas con las fechas para las cuales el señor Rivera Arroyo estaba obligado a satisfacer la pensión alimentaria previo al relevo decretado.

[3] Vale destacar que la Jueza Grana Martínez emitió un acertado voto particular disidente.

Una evaluación del tracto fáctico y procesal de este pleito despeja toda duda respecto al hecho de que la joven Rivera Sierra nunca ha procurado que su padre le ofrezca sustento cobijada en la obligación que tienen los parientes de brindarse alimentos entre sí bajo el Artículo 143 del Código Civil, 31 LPRA sec. 562. Por el contrario, queda meridianamente claro que, en todo momento, ésta ha solicitado reiteradamente el pago de una deuda por concepto de pensión alimentaria fijada mientras subsistía su minoridad al amparo del Artículo 153 del Código Civil, 31 LPRA sec. 601.

A pesar de que la joven advino la mayoría de edad durante el trámite del pleito, ello no tuvo el efecto de relevar automáticamente al señor Rivera Arroyo de su obligación. En los casos en los que un menor que recibe una pensión alimentaria adviene a la mayoría de edad, para que cese la obligación del padre alimentante de pagar la pensión alimentaria, es requisito de umbral que éste solicite un relevo del tribunal a esos efectos y que dicho relevo sea decretado. Véase *Umpierre Matos v. Juelle Abello*, 2019 TSPR 160; *Santiago Texidor v. Maisonet Correa,* 187 DPR 550 (2012); *Valencia, Ex parte*, 116 DPR 909, 916 (1986). Véase, además, el Artículo 19 de la Ley Orgánica de la Administración para el Sustento de Menores, según enmendada, 8 LPRA sec. 518. Dicho de otro modo, el relevo del pago de la pensión alimentaria no es automático una vez el menor a beneficio del cual ésta se fija adviene a la mayoridad.

En el caso de autos, el señor Rivera Arroyo, *motu proprio*, se relevó del pago de la pensión fijada a favor de su hija una vez ésta cumplió los 21 años. Peor aún, éste

desatendió su obligación con anterioridad a ese evento. Dado que el remedio solicitado por la joven Rivera Sierra estuvo predicado en una cuantía adeudada previo al decreto de relevo por parte del tribunal, resulta improcedente celebrar una vista para dirimir las necesidades de la joven en función de la fijación de una pensión prospectiva.

Resulta preocupante, además, la contumacia con la que el tribunal de instancia ignoró las determinaciones que constituían la ley del caso en este pleito, sin que mediaran circunstancias excepcionales que lo movieran a obrar de esa forma. La resolución del foro de instancia mediante la cual se determinó que existía una deuda por pensión alimentaria y en la cual se indicó que sólo se realizaría una vista con el fin de determinar la cuantía adeudada advino final y firme sin que se recurriera de ésta. Por lo tanto, procedía que el foro primario acatara lo dispuesto en esa resolución y obrara conforme a ésta.

Por último, conviene recordar que en nuestro ordenamiento opera la máxima que dicta que el derecho es rogado, por lo que no procede salvaguardar el derecho de una parte que no ha solicitado un remedio o concesión a su favor. Ello, mucho menos cuando se procedería en crasa vulneración de los derechos que cobijan a una parte que sí los ha reclamado oportunamente. La celebración de la vista en su fondo ante el Tribunal de Primera Instancia redundará en imponerle a la joven un criterio adicional para la validación de su reclamo por pensiones vencidas y adeudadas, no contemplado por la jurisprudencia ni por la legislación vigente que regula las pensiones alimentarias de los menores

de edad. En esta vista se pasará prueba sobre circunstancias que, de ninguna manera, inciden en la procedencia del remedio solicitado por la peticionaria, el cual ya le fue concedido por vía de una resolución anterior dictada por ese mismo foro.

Por todo lo anterior, reitero que lo correcto en derecho en este caso es dejar sin efecto la vista pautada, paralizar los procedimientos y expedir el recurso que pende ante nuestra consideración. Dado que la mayoría optó por un proceder distinto, disiento.


Anabelle Rodríguez Rodríguez
Juez Asociada