ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SOLUTION HEAVY EQUIPMENT LLC<br><br>Recurrido<br><br>V.<br><br>RTA CONSTRUCTION GROUP LLC; ABZCO LLC; UNITED SURETY & INDEMNITY CO. Y OTROS<br><br>Peticionarios | KLCE202400267 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2019CV01095<br><br>Sobre: Cobro de Dinero; Incumplimiento de Contrato; Daños y Perjuicios; Artículo 1489 del Código Civil |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de abril de 2024.

ABZCO, LLC. [en adelante, "ABZCO" o Peticionarios] solicita la revisión de una *Resolución* emitida y notificada el 19 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón [en adelante, "TPI"]. Mediante esta, el foro de instancia denegó una *Solicitud de Sentencia Sumaria* presentada por Solution Heavy Equipment, LLC. en contra de ABZCO, por existir controversias sobre hechos esenciales y materiales.

Por los fundamentos que expondremos a continuación denegamos la expedición del auto de *Certiorari.*

## I.

El 5 de marzo de 2019 Solution Heavy Equipment LLC [en adelante, "SHE" o Recurrido] presentó una *Demanda* sobre cobro de dinero, incumplimiento de contrato y daños y perjuicios, contra

RTA Construction Group LLC. [en adelante, "RTA"], ABZCO, United Surety & Indemnity Co. [en adelante, "USIC"] y otros.[1] En esta alegó que ABZCO es dueño de la obra,[2] y que RTA suscribió un contrato con este para trabajos de construcción.[3] Alegó que RTA como contratista de la obra suscribió un subcontrato con SHE para el arrendamiento de varios equipos pesados a utilizarse en los trabajos realizados en el Proyecto de RTA.[4] Señala que RTA le adeuda la cantidad de $138,371.03.[5] Por ello, reclamó a RTA por la cantidad adeudada y a ABZCO al amparo del Artículo 1489 del Código Civil.[6]

En respuesta, el 11 de abril de 2019, ABZCO presentó una *Moción Solicitando Exposición Más Definida*.[7] El 9 de mayo de 2019, RTA contestó la demanda con la presentación de una demanda de coparte contra ABZCO.[8] Por su parte, el 13 de mayo de 2019, USIC presentó su *Contestación a Demanda*.[9]

SHE presentó una *Moción Solicitando Enmiendas a las Alegaciones de la Demanda, Sustitución de Nombre de Demandados y Expedir Emplazamientos*, el 11 de junio de 2019.[10] Mediante esta, incluyó a PRLP FE Properties LLC. [en adelante, "PRLP"] como parte demandada.[11]

Posteriormente, el 21 de junio de 2019, ABZCO presentó una *Solicitud de Desestimación de Demanda y Demanda de Coparte*.[12] Alegó, entre otras cosas, que procedía la desestimación de la demanda de coparte, ya que la causa de acción presentada

---

[1] Apéndice de la Petición de Certiorari, págs. 1-4.
[2] *Íd.*, pág. 3.
[3] *Íd.*, pág. 2.
[4] *Íd.*, págs. 2-3.
[5] *Íd.*, pág. 3.
[6] 31 LPRA §4130.
[7] Apéndice de la Petición de Certiorari, págs. 5-6.
[8] *Íd.*, págs. 7-12.
[9] *Íd.*, págs. 13-17.
[10] *Íd.*, págs. 18-27.
[11] *Íd.*, págs. 21-22.
[12] Apéndice de la Petición de Certiorari, págs. 28-100.

en la misma y los hechos esenciales en los cuales se basa la misma, ya están pendientes de adjudicación en el caso RTA Construction Corp, et. al. Vs. ABZCO, LLC, et. al., Civil Núm. SJ2019CV02496.[13] A esta solicitud se unió PRLP el 26 de agosto de 2019.[14]

Acto seguido, el 28 de junio de 2019, RTA presentó escrito titulado *Oposición a Moción de Desestimación de Demanda Contra Coparte (Contra ABZCO)*.[15] El 2 de julio de 2019, ABZCO presentó su réplica al referido escrito.[16] Diez días después, SHE presentó su *Moción en Oposición a Desestimación Presentada por ABZCO al Amparo de la Regla 10.2 de Procedimiento Civil*.[17]

Tras varios trámites procesales, el 15 de julio de 2020, notificada ese mismo día, el TPI emitió una *Sentencia Parcial*. Mediante esta, el foro primario desestimó la demanda contra coparte.[18] Insatisfecho, el 30 de julio de 2020 ABZCO solicitó reconsideración,[19] pero al día siguiente el TPI la denegó.[20]

Luego, el 19 de octubre de 2020, PRLP contestó a la *Demanda Enmendada*.[21] El 19 de octubre de 2020, ABZCO también presentó su *Contestación a Demanda Enmendada*.[22]

El 18 de mayo de 2023, SHE presentó una *Solicitud de Sentencia Sumaria Contra el Codemandado ABZCO LLC.*[23] Argumentó que SHE se convirtió en acreedor de ABZCO y RTA dejó de serlo.[24] Además, adujo que ABZCO es el dueño de la obra de construcción para el desarrollo de los proyectos de viviendas

---

[13] *Íd.*, págs. 40-41.
[14] *Íd.*, págs. 115-117.
[15] *Íd.*, págs. 101-104.
[16] *Íd.*, págs. 105-109.
[17] Apéndice de la Petición de Certiorari, págs. 110-114.
[18] *Íd.*, págs. 132-141.
[19] *Íd.*, págs. 142-150.
[20] *Íd.*, pág. 151.
[21] *Íd.*, págs. 163-169.
[22] Apéndice de la Petición de Certiorari, págs. 1-114.
[23] *Íd.*, págs. 184-295.
[24] *Íd.*, pág. 192.

residenciales Bel-Air y Belmont localizados en Finca Elena, Guaynabo, Puerto Rico.[25] Acompañó el *Contrato de Obras* entre ABZCO, identificado como dueño, y RTA identificado como contratista.[26]

Por su parte, el 16 de junio de 2023, ABZCO presentó su *Oposición a la Solicitud de Sentencia Sumaria Presentada por Solution Heavy Equipment, LLC*.[27] Alegó que la entidad dueña de los cuatro proyectos antes referidos es PRLP,[28] y que SHE carece de causa de acción contra esta, toda vez que no ha establecido de forma incontrovertida que ABZCO es el dueño de los proyectos.[29] Acompañó los *Development Agreements* entre PRLP, identificado como dueño, y ABZCO, identificado como desarrollador.[30]

Evaluados los escritos, el 19 de diciembre de 2023, notificada el mismo día, el TPI emitió la *Resolución* recurrida.[31] Mediante esta, el foro de instancia denegó la *Solicitud de Sentencia Sumaria* presentada por Solution Heavy Equipment, LLC. en contra de ABZCO, por existir controversias sobre hechos esenciales y materiales.[32] En su dictamen, incluyó cinco (5) hechos que a su entender estaban en controversia, a saber:

## HECHOS EN CONTROVERSIA

1.   ¿Quién es el dueño de los proyectos para los cuales Solution suscribió los contratos de alquiler de equipo pesado con RTA?

2.   Si RTA tiene deudas con Solution, por el alquiler de equipo pesado.

3.   Si ABZCO, de ser dueño de las obras, le adeuda alguna suma a Solution.

4.   Si Solution notificó adecuadamente a ABZCO, sobre las deudas de RTA.

---

[25] *Íd.*, pág. 186.
[26] *Íd.*, págs. 194-204.
[27] Apéndice de la Petición de Certiorari, págs. 301-556.
[28] *Íd.*, pág. 304.
[29] *Íd.*, pág. 305.
[30] *Íd.*, págs. 357-491.
[31] *Íd.*, págs. 557-564.
[32] Apéndice de la Petición de Certiorari, pág. 564.

> 5. Si ABZCO le pagó las obras hechas a RTA, antes de que Solution notificara sobre la deuda a ABZCO.

Aunque dicha determinación fue favorable a ABZCO, fue objeto de reconsideración y/o aclaración por parte de esta,[33] la cual fue denegada por el TPI.[34]

En desacuerdo con la determinación del tribunal de instancia, el 4 de marzo de 2024, ABZCO presentó el recurso que atendemos. Alegó que incidió el TPI:

> AL NEGARSE A ACLARAR QUE ABZCO NO ES DUEÑO DEL PROYECTO DENOMINADO POR EL TPI COMO *BEL AIR AT FINCA ELENA*.

El 6 de marzo de 2024, le concedimos término a SHE para presentar su oposición al recurso. No compareció, de modo que nos encontramos en posición de adjudicar el recurso.

## II.

### A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos faculta a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los

---

[33] *Íd.*, págs. 565-569.
[34] *Íd.*, págs. 570-571.

méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000); Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, *supra*.

**B.**

La sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica para aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. Roldán Flores v. M. Cuebas, Inc., 199 DPR 664 (2018); Rodríguez Méndez v. Laser Eye, 195 DPR 769, 785 (2016). La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32 LPRA Ap. V, R. 36.1. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Meléndez González et al. v M. Cuebas, 193 DPR 100 (2015); Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).

Por otro lado, la parte que se opone tiene que contestar de forma específica y detallada para colocar al juzgador en posición de concluir que persisten dudas acerca de los hechos esenciales de la causa de acción. Regla 36.3 de Procedimiento Civil; Velázquez Ortíz v. Mun. de Humacao, 197 DPR 656, 663 (2017); Ramos Pérez v. Univisión, supra, págs. 213, 215. Sin embargo, la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp.

Pavía, 168 DPR 127, 138 (2006). En tal caso, la sentencia sumaria procederá, si el tribunal queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria. Mun. de Añasco v. ASES et al., *supra*; Córdova Dexter v. Sucn. Ferraiuoli, *supra*, pág. 555. De ser así, el Tribunal únicamente dictará Sentencia Sumaria a favor de una parte si el derecho aplicable así lo justifica. Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Un tribunal, en el sano ejercicio de su discreción, debe abstenerse de resolver mediante el mecanismo de sentencia sumaria controversias en las que subyacen elementos subjetivos de intención, propósitos mentales o negligencia, y cuando el factor credibilidad sea esencial y esté en disputa. Rivera Rodríguez v. Rivera Reyes, 168 DPR 193, 211-212 (2006); Véase, además, Velázquez Ortíz v. Mun. de Humacao, *supra,* pág. 663. El principio rector que debe guiar al juzgador en la determinación sobre si procede o no la sentencia sumaria es el sabio discernimiento, ya que mal utilizada, puede prestarse para privar a un litigante de su "día en corte", principio fundamental del debido proceso de ley. Mun. de Añasco v. ASES et al., *supra*, págs. 327-328.

### III.

Los Peticionarios alegan que el foro primario incidió al negarse a aclarar que ABZCO no es dueño del proyecto denominado por el TPI como Bel Air at Finca Elena. En la *Resolución* que revisamos, el foro primario determinó que existían controversias en cuanto a: 1) quién es el dueño de los proyectos, 2) si RTA tiene deudas con SHE, 3) si ABZCO le adeuda alguna suma a SHE, 4) si SHE notificó adecuadamente a ABZCO sobre las

deudas de RTA y 5) si ABZCO le pagó las obras hechas a RTA, antes que SHE notificara sobre la deuda a ABZCO.

Para dilucidar estas controversias, el TPI ordenó la continuación de los procedimientos. Como indicamos, la sentencia sumaria es un remedio discrecional que el tribunal puede conceder únicamente cuando no tiene dudas sobre los hechos esenciales. Si existen dudas sobre los hechos, estas deben dirimirse en una vista en su fondo, tal como el TPI lo decretó.

Por todo lo cual, tras evaluar las mociones de las partes, los documentos complementarios a estas y demás documentos que conforman el legajo apelativo, junto al marco jurídico que rige la causa, declinamos intervenir con el dictamen interlocutorio recurrido. En ausencia de una demostración clara de que el tribunal actuara de forma arbitraria, caprichosa o abusara de su discreción, nos abstenemos de intervenir con el dictamen impugnado en esta etapa del proceso. Tampoco, detectamos que esté presente alguna de las circunstancias que contempla la Regla 40 de nuestro Reglamento, que justifique intervenir con la discreción judicial que ampara al tribunal primario.

**IV.**

En virtud de lo aquí expresado, denegamos la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones