ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| ALEXANDRA LÓPEZ SANTOS<br><br>Apelada<br><br>v.<br><br>ADRIÁN GARCÍA SANTOS<br><br>Apelante | KLAN202400820 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2022CV05386<br><br>Sobre: Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2025.

I.

El 24 de octubre de 2022 la Sra. Alexandra López Santos presentó una *Demanda* sobre liquidación de comunidad de bienes contra el Sr. Adrián García Santos. Alegó que, casados bajo el régimen de separación de bienes, adquirieron un bien inmueble que se encuentra gravado con una hipoteca.

El 6 de marzo de 2023 el señor García Santos presentó su *Contestación a la Demanda* e incoó una *Reconvención*. Alegó que, aunque se casó bajo el régimen de separación de bienes, el matrimonio no se comportó como tal, por lo que la división de los bienes en común debe hacerse bajo las normas de la Sociedad de Bienes Gananciales. En su *Reconvención,* el señor García Santos incluyó alegaciones para impugnar el régimen de separación de bienes y solicitó la participación de la corporación Laboratorio Clínico Los Puertos, Inc. Asimismo, el señor García Santos presentó el mismo reclamo por medio de una *Reconvención* en un caso -Núm. TA2022CV01119-, tramitándose contemporáneamente. El 17 de

Número Identificador

SEN2025_____

abril de 2023 la señora López Santos presentó su réplica a la *Reconvención.*

Luego de celebrar vista evidenciaria el 18 de julio de 2024 con el propósito de dilucidar la controversia sobre cuál de los regímenes matrimoniales determinaría la liquidación de los bienes comunes, el 19 de julio de 2024 el Tribunal de Primera Instancia dictó *Resolución,* disponiendo, que, el régimen económico aplicable era el de separación de bienes. En dicha *Resolución,* ordenó al señor García Santos a mostrar causa de porque no se debía desestimar y archivar la *Reconvención* sobre su aportación y/o participación en la corporación Laboratorio Clínico Los Puertos, Inc., por ser la misma controversia planteada en el otro caso Núm. TA2022CV01119. El 6 de agosto de 2024, el señor García Santos presentó una *Moción en cumplimiento de orden de mostrar causa y en solicitud de reconsideración.*

Así las cosas, el 6 de agosto de 2024, Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de reconsideración y dictó una sentencia parcial ordenando el archivo de la *Reconvención.* Insatisfecho, el 5 de septiembre de 2024, el señor García Santos acudió ante nos mediante *Apelación.* Plantea:

> **PRIMER ERROR: ERRÓ EL DISTINGUIDO TPI AL DESESTIMAR LA RECONVENCIÓN PRESENTADA, NO PERMITIR LA CONSOLIDACIÓN DE LOS PLEITOS ENTRE LAS PARTES Y NO PERMITIR LA ENMIENDA DE LA RECONVENCIÓN PARA TRAER LA CORPORACIÓN LABORATORIO CLÍNICO LOS PUERTOS, INC.**

> **SEGUNDO ERROR: ERRÓ EL DISTINGUIDO TPI AL ENTENDER QUE LA CORPORACIÓN LABORATORIO CLÍNICO LOS PUERTOS, INC., NO ES UN BIEN SUJETO A DIVISIÓN Y NO DEBE SER PARTE EN EL PLEITO.**

El 23 de octubre de 2024, compareció la señora López Santos mediante *Alegato de la Parte Apelada.* Con el beneficio de la comparecencia de las partes, el expediente judicial, el Derecho y jurisprudencia aplicables, resolvemos.

II.

A.

La Regla 38.1 de las Reglas de Procedimiento Civil establece que:

> Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.[1]

Uno de los factores que los tribunales deben analizar a la hora de determinar si procede o no la petición, es la etapa procesal en la cual se encuentran las acciones cuya consolidación se solicita. El Tribunal Supremo ha establecido que "un tribunal debe analizar si de acuerdo a las circunstancias particulares del caso la consolidación promueve la buena administración de la justicia, la aceleración en la resolución de disputas y la reducción en los costos de la litigación".[2] Asimismo, corresponde al tribunal evaluar "si la consolidación tiende a evitar resultados incompatibles entre las distintas disputas que presenten cuestiones similares de hecho o de derecho".[3]

Por otro lado, nuestro más alto foro ha planteado la importancia de la deferencia por parte del tribunal revisor una vez un foro inferior hace una determinación sobre ese particular. En lo pertinente:

> [U]na vez se realiza **una determinación [judicial inicial] sobre una solicitud de consolidación, efectuada luego de un análisis ponderado de la totalidad de las circunstancias de los casos cuya consolidación se solicita, merecerá gran deferencia por parte del tribunal que la revise.** Además, hemos señalado que esa determinación solo será alterada cuando se haya omitido considerar algún factor importante o cuando de alguna otra forma se incurra en un abuso de discreción. Es por ello que los tribunales

---

[1] 32 LPRA Ap. V, R. 38.1.
[2] *M-Care Compounding Pharmacy/ M-Care Medical Supply, Inc.* v. *Departamento de Salud*, 186 DPR 159, 172 (2012).
[3] *Id.* en la pág. 172.

tienen discreción para ordenar la consolidación de dos o más recursos, y esa determinación merecerá deferencia por parte del tribunal que la revise si fue efectuada luego de un análisis ponderado.[4]

B.

La comunidad de bienes se define como aquella que se da "o una cosa o un derecho pertenecen en común proindiviso a dos o más personas".[5] En cuanto al régimen, "a falta de pacto entre comuneros, o de disposiciones o comunidades especiales, la comunidad de bienes se rige por lo dispuesto en este título".[6] Por otro lado, uno de los modos de extinción de la comunidad de bienes, es la división de esta.[7] "La división es el acto jurídico mediante el cual los derechos de los comuneros en la comunidad se sustituyen por un derecho exclusivo de cada uno sobre una parte determinada del bien que era común, correspondiente al valor de sus respectivas cuotas".[8] Por tanto, las partes requeridas en el acto de división de comunidad de bienes será únicamente las personas naturales que componen esta. Siendo así, que al pleito de la liquidación de una comunidad de bienes no es propio que se traigan personas jurídicas como partes.

Según establece el Código Civil, "[e]s persona jurídica el organismo y la entidad de interés y financiamiento público cuya ley orgánica le reconoce personalidad jurídica".[9] En lo pertinente, en nuestro ordenamiento jurídico, la corporación es catalogada como persona jurídica.[10] La Ley Núm. 164 de 16 de diciembre de 2009, conocida como la Ley General de Corporaciones, establece que una corporación es una entidad con personalidad jurídica y patrimonio,

---

[4] *Id.* en las págs. 172-173 (énfasis nuestro).
[5] *Id.* § 8191.
[6] *Id.* § 8192.
[7] *Id.* § 8221.
[8] *Id.* § 8222.
[9] *Id.* § 5862.
[10] *Id.*

distinta y separada de sus accionistas.[11] Así las cosas, referida Ley establece que:

> Cualquier persona natural con capacidad legal o cualquier persona jurídica, por sí o en unión a otras, podrá incorporar u organizar una corporación al amparo de esta Ley, mediante la radicación en el Departamento de Estado de un certificado de incorporación que será otorgado, certificado, radicado e inscrito conforme al Artículo 1.03 de esta Ley, el que estará sujeto a inspección por el público.[12]

Por otro lado, la Ley de Corporaciones define "accionista" como "accionista inscrito en el registro de acciones de la corporación autorizada a emitir acciones, o una persona que es el beneficiario de un fideicomiso de votos en el cual están depositadas dichas acciones o miembros de corporaciones sin acciones de capital".[13] Además, dicho artículo "reconoce la posibilidad de que haya un accionista distinto al que está inscrito".[14] Relacionado a la reclamación de un accionista que no aparece inscrito como tal en la corporación, el Tribunal Supremo ha establecido que:

> En cada caso en que el accionista sea distinto al accionista inscrito en una corporación autorizada a emitir acciones o del miembro de corporaciones sin acciones de capital, el requerimiento jurado deberá declarar su condición de accionista, acompañarse de evidencia documental de su derecho de propiedad sobre la acción, y declarar que la evidencia documental es copia veraz y correcta de lo que se aparenta probar.[15]

C.

Como tribunal apelativo "no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción".[16] Por lo general, no intervendremos

---

[11] 14 LPRA § 3501, *et seq.*
[12] *Id.* § 3501.
[13] *Id.* § 3650.
[14] *Domenech Fernández* v. *Integration Corporate*, 187 DPR 595, 609 (2013).
[15] *Id.* en la pág. 617.
[16] *Meléndez* v. *Caribbean Int'l News*, 151 DPR 649, 664 (2000); *Lluch* v. *España Service Sta.*, 117 DPR 729, 745 (1986); *Valencia, Ex Parte*, 116 DPR 909, 913 (1986); *Ortiz Rivera* v. *Agostini*, 92 DPR 187, 193 (1965).

con el manejo de los casos por el Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con p[re]juicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[17]

III.

El señor García Santos alega que erró el Tribunal de Primera Instancia al desestimar su *Reconvención* y no permitir la consolidación de pleitos. Veamos.

Como discutido anteriormente, corresponde al Tribunal de Primera Instancia determinar si procede la consolidación de pleitos a raíz de un análisis sobre "si de acuerdo a las circunstancias particulares del caso la consolidación promueve la buena administración de la justicia, la aceleración en la resolución de disputas y la reducción en los costos de la litigación".[18] Además, el foro *a quo* debe analizar si los resultados de ambos casos dilucidándose podrían resultar incompatibles.

El caso ante nos trata de la liquidación de la comunidad de bienes entre las partes, mientras que el pleito que el señor García Santos entiende debe consolidarse, se relaciona con una reclamación de la Corporación en su contra por cobro de dinero y daños y perjuicios. Allí, el señor García Santos presentó una *Reconvención* reclamando lo mismo que en el caso ante nuestra atención, esto es, su participación en la corporación Laboratorio Clínico los Puertos, Inc. Examinada la naturaleza de ambos pleitos, justipreciamos que el Tribunal de Primera Instancia actuó correctamente al no permitir la consolidación de estos. Resaltamos

---

[17] *Zorniak Air Services* v. *Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).
[18] *M-Care Compounding Pharmacy/ M-Care Medical Supply*, Inc. v. *Departamento de Salud*, 186 DPR 159, 172 (2012).

que **la determinación de la consolidación de los pleitos, "descansa en la sana discreción del juez de instancia, quien deberá decidir, a la luz de los hechos ante sí, la procedencia de la misma"**.[19] Asimismo, "el tribunal sentenciador tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia".[20] Por tanto, el primer error no se cometió.

Razones similares nos llevan a concluir que tampoco es correcto el planteamiento que hace el señor García Santos, no permitirle traer como parte al pleito a la Corporación para que se determinara que la Corporación no es un bien sujeto a división. Según esbozado, el pleito ante nos trata sobre el acto de división de una comunidad de bienes. La comunidad de bienes se define como aquella que se da "o una cosa o un derecho pertenecen en común proindiviso a dos o más personas".[21] Por otra parte, "[l]a división es el acto jurídico mediante el cual los derechos de los comuneros en la comunidad se sustituyen por un derecho exclusivo de cada uno sobre una parte determinada del bien que era común, correspondiente al valor de sus respectivas cuotas".[22]

Habiéndose constituido el matrimonio bajo el régimen económico de división de bienes y siendo la Corporación una entidad con personalidad jurídica propia, separada de sus accionistas, no es adecuado que la Corporación forme parte de un pleito sobre liquidación de bienes gananciales. Maxime, cuando dicha Corporación está únicamente inscrita a favor de la señora López Santos. Hasta que no se demuestre la participación del señor García Santos en esta, no es un bien sujeto a división.

---

[19] *Vives Vázquez* v. *ELA*, 142 DPR 117, 139 (1996) (énfasis nuestro).
[20] *Id.*
[21] 31 LPRA § 8191
[22] *Id.* § 8222.

IV.

Por los fundamentos antes expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones