Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RAFAEL GARCÍA PAGÁN<br><br>Recurrido<br><br>V.<br><br>GLORIVETTE DÍAZ SANTIAGO<br><br>Peticionario<br><br>JORGE IBRAHIM GARCÍA DÍAZ<br><br>Interventor | KLCE202301181 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D CU1997-0043<br><br>Sobre:<br>Relaciones Filiales |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Bermúdez Torres y la Jueza Rivera Pérez.[1]

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 26 de abril de 2024.

El 25 de octubre de 2023 comparecieron ante este Foro apelativo la *Sra. Gloryvette Díaz Santiago* ("Díaz Santiago o copeticionaria") y el *Sr. Jorge Ibrahim García Díaz* ("joven adulto García Díaz o interventor"); **en conjunto, parte peticionaria**. Mediante la presente petición de *certiorari* solicitan la revisión de la *Resolución* emitida el 22 de septiembre de 2023,[2] por el Tribunal de Primera Instancia de Bayamón, Sala Superior de Relaciones de Familia y Menores ("TPI"). En la aludida resolución, entre otras cosas, el TPI relevó al *Sr. Rafael García Pagán* ("García Pagán o recurrido") del pago de pensión entre parientes por razón de estudios, y ordenó el archivo del caso.

---

[1] Panel Especial de conformidad con la Orden Administrativa OAJP-2021-086, inciso 3, sobre la asignación de recursos nuevos cuando el mismo caso ha generado recursos ante el Tribunal de Apelaciones y la OATA-2023-109 emitida el 23 de junio de 2023.
[2] Notificada el 26 de septiembre de 2023.

Examinado el recurso instado, resolvemos ***expedir y confirmar*** la *Resolución* recurrida. **Veamos**.

-I-

El joven adulto García Díaz fue diagnosticado con autismo dentro del espectro Asperger. El **19 de febrero de 2019**,[3] el TPI emitió una *Resolución*, en la cual indicó que la controversia a adjudicar, en ese momento, era: *"[s]i el joven interventor tiene el aprovechamiento académico necesario que lo haga acreedor de una pensión de alimentos entre parientes y de no tenerla si su condición de salud amerita que este tribunal a manera de excepci[ó]n imponga una pensión de alimentos entre parientes para concluir estudios universitarios"*.[4] De los hechos probados, el foro primario concluyó que el interventor era acreedor de una pensión de alimentos entre parientes **para concluir sus estudios universitarios**.[5]

En la vista de alimentos celebrada el **10 de junio de 2019**, las partes llegaron a un acuerdo sobre la cuantía correspondiente.[6] Específicamente, el señor García Pagán se comprometió a pagar una pensión de $375.00 mensuales, a partir de julio 2019. Dicho acuerdo fue acogido por el TPI, además, ordenó al joven adulto García Díaz notificar cada semestre su progreso académico al tribunal.

Luego de varias incidencias procesales, incluyendo dos (2) *Sentencias* de este Tribunal de Apelaciones,[7] y en *pos* de cumplir con el mandato expreso de este Foro, el TPI citó a las partes a una vista de estado de los procesos. Dicha vista fue celebrada el **2 de mayo de 2023**. Allí comparecieron; el señor García Pagán, la señora

---

[3] Notificada el 22 de febrero de 2019.; Apéndice 2 de la *Petición de Certiorari Civil*, págs. 24 – 28.

[4] Apéndice 2 de la *Petición de Certiorari Civil*, a la pág. 26.

[5] Apéndice 2 de la *Petición de Certiorari Civil*, a la pág. 28.

[6] Apéndice 3 de la *Petición de Certiorari Civil*, págs. 29 – 31.

[7] Este Tribunal atendió dos (2) recursos apelativos en el presente caso. El primer recurso fue el *KLCE202100686,* cuya *Sentencia* fue dictada el 28 de junio de 2021. El segundo recurso fue el *KLCE202200417,* cuya *Sentencia* fue emitida el 27 de junio de 2022.

Díaz Santiago,[8] y el joven adulto García Díaz acompañado de su abogada.[9] Luego de escuchar los planteamientos de las partes, el foro primario determinó que éstas tendrían el peso de prueba en la vista evidenciaria ordenada por este Foro.

El **7 de junio de 2023**, el recurrido trajo a la atención del TPI que, durante el descubrimiento de prueba, salió a relucir que **el interventor había completado su bachillerato en mayo de 2023**.[10] Añadió, que dicha información no se había notificado a las partes ni al tribunal. Resaltó, que era cuestionable que se le obligara a continuar pagando una pensión por razón de estudio.

Luego, el TPI denegó dos (2) solicitudes de la señora Díaz Santiago, por lo que, el **22 de junio de 2023** recurrió nuevamente ante este Foro apelativo *(KLCE202300705)*.[11] Señaló que el aludido foro incidió al denegar las órdenes para obtener documentación del recurrido, y al determinar que no tenía legitimación para hacer reclamos a nombre del joven adulto García Díaz.

Mientras se atendía el recurso *KLCE202300705*,[12] el foro de instancia celebró una vista de *status* el **11 de agosto de 2023**.[13] Expresó, en lo pertinente, que;

> *[E]l Tribunal le aclara que va a evaluar nuevamente el expediente. [...] Si luego de revisar el expediente, quedó convencida que la vista no es necesaria, lo fundamentaré. Si entiendo que la vista procede, la dejo calendarizada desde ya, para el juicio en su fondo el 12 de octubre de 2023 [...].*[14]

Evaluada la totalidad del expediente por el TPI, emitió una *Resolución* el **22 de septiembre de 2023**.[15] Entre otras cosas,

---

[8] La señora Díaz Santiago compareció por derecho propio.
[9] Apéndice 1 de la *Petición de Certiorari Civil*, págs. 11 – 12.
[10] Apéndice 1 de la *Petición de Certiorari Civil*, pág. 12.
[11] *Véase*, Sentencia del *KLCE202300705* emitida el 24 de octubre de 2023.
[12] Al estar íntimamente relacionado el recurso *KLCE202300705* con el presente recurso, tomamos conocimiento judicial del mismo, e incluimos parte de su tracto procesal y demás asuntos pertinentes.
[13] *Véase*, Apéndice 8 de la *Petición de Certiorari Civil*, págs. 62 – 65.
[14] *Véase*, Apéndice 8 de la *Petición de Certiorari Civil*, pág. 65.
[15] Notificada el 26 de septiembre de 2023.; Apéndice 1 de la *Petición de Certiorari Civil*, págs. 1 – 23.

resolvió que la vista evidenciaria era innecesaria.[16] En lo pertinente, indicó que;

> [E]n resumen, habiendo revisado en detalle todo el derecho aplicable, cada documento presentado desde intervención inicial del joven Jorge Ibrahim en enero 2018 solicitando la continuación de los alimentos post mayoría de edad, analizada cada alegación de las partes desde entonces hasta el presente, escudriñada cada expresión del Tribunal de Apelaciones en las múltiples instancias que se ha recurrido al foro desde que se generó la controversia sobre el relevo de pensión, **hemos quedado plenamente e indiscutiblemente convencida -sin la más ínfima duda o reserva mental- que la pensión que se estableció como alimentos entre parientes en el presente caso a favor del interventor Jorge Ibrahim García Díaz fue POR RAZÓN DE ESTUDIO Y NO POR INCAPACIDAD.** Igualmente, estaríamos en posición de descartar la solicitud alimentos por alegada razón de incapacidad por 2 factores importantes adicionales, a saber: **(1)** por el hecho que la prueba pericial recibida fue clara en que el joven era funcional y **(2)** porque tomamos conocimiento judicial que en una sala hermana se ha presentado el pleito de declaración de incapacidad y nombramiento de tutor (BY2O23RF01406) en la cual la Sra. Díaz Santiago solicita que se declare incapaz al aquí interventor.
>
> Por ello y todo lo previamente expresado en los párrafos que anteceden, consideramos que la celebración de la vista ordenada por el Tribunal para poder determinar si el relevo procedía o no, se ha tornado académica. Destacamos además el hecho de que se presentó un caso de declaración de incapacidad y nombramiento de tutor en otra sala del Tribunal por lo que no nos compete hacer una determinación sobre las supuestas incapacidades del interventor.[17]

Por su parte, el **24 de octubre de 2023**, este Tribunal de Apelaciones desestimó el recurso *KLCE202300705* por ser académico.[18]

**Al siguiente día**, la señora Díaz Santiago y el joven adulto García Díaz recurrieron ante este Foro Apelativo mediante la presente *Petición de Certiorari*. Señalaron que el TPI cometió los siguientes errores:

> **1.** Erró el TPI en relevar al recurrido Rafael García Pagan, del pago de la pensión de alimentos futuros entre parientes, sin la vista evidenciaría ordenada en dos (2) ocasiones por este TA, en violación al debido proceso de ley sustantivo y procesal.
>
> **2.** Erró el TPI al resolver que la vista en sus méritos es académica cuando el adulto nunca ha dejado de necesitar de alimentos entre parientes y las circunstancias que justifican la necesidad de alimentos no han cambiado conforme al Art.

---

[16] *Id.*, en la pág. 21.
[17] *Id.*, en la págs. 21 – 22. *Énfasis en original.*
[18] Notificada el 25 de octubre de 2023. *Véase,* Sentencia del *KLCE202300705* emitida el 24 de octubre de 2023.

*143 del Código Civil de Puerto Rico de 1930, y los Arts. 653 del Código Civil de Puerto Rico de 2020.*

**3.** *Erró el TPI al adjudicar, sin vista mandatoria en sus méritos, que no se trajo prueba suficiente sobre las limitaciones que la condición de Autismo ejerce sobre el adulto interventor, cuando la Regla 202 de Evidencia 2009, permite tomar conocimiento judicial de las leyes estatales y federales que especifican que dicha condición que es de por vida.*

**4.** *Erró el TPI al determinar que el reclamo de alimentos entre parientes debe ser adjudicado en un pleito independiente en contravención a las normas de economía procesal pero apoyando su resolución en una estipulación sobre ese incidente de alimentos entre parientes en el caso Rafael García Pagán vs. Gloryvette Díaz Santiago, Jorge Ibrahim García Díaz, Caso Núm. DCU1997-0043.*

No obstante, el **9 de noviembre de 2023**, el joven adulto García Díaz solicitó la reconsideración de la desestimación del recurso *KLCE202300705*. No conforme con la determinación de dicho recurso, el **2 de enero de 2024** se presentó el *CC-2024-0005* en el Tribunal Supremo de Puerto Rico.

Al estar íntimamente relacionados ambos recursos, este Foro Apelativo paralizó los procesos del *certiorari* epígrafe. El **29 de febrero de 2024** se nos notificó que el recurso CC-2024-0005 había sido declarado *No Ha Lugar* por el Alto Foro Judicial. Por lo que, levantamos la paralización, y estamos en posición para atender el recurso instado ante nos.

-II-

-A-

El Tribunal Supremo de Puerto Rico ha señalado que el auto de *certiorari* constituye *"un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior"*.[19] Por esa razón, se entiende por discreción como *"poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción"*.[20]

---

[19] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. V. BBVAPR,* 185 DPR 307, 337 – 338 (2012). (La cita directa es del caso en específico del segundo caso citado).
[20] *García v. Asociación,* 165 DPR 311, 321 (2005).

Por su parte, la Regla 52.1 de Procedimiento Civil,[21] delimita las instancias en que este foro habrá de atender y revisar mediante este recurso las resoluciones y órdenes emitidas por los tribunales de instancia, a saber:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].[22]*

Con el objetivo de que podamos ejercer de una manera sabia y prudente la facultad discrecional que ha sido delegada a este Tribunal de entender o no en los méritos del asunto esbozado en este recurso, nuestros oficios se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones.[23]

> *El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
>     A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>     B. *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>     C. *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>     D. *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>     E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>     F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

---

[21] Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[22] *Id.*
[23] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

> *G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[24]

Por lo que, al tener discreción judicial el foro apelativo, este tiene la reserva para expedir o denegar el auto. El Tribunal Supremo ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[25]

**-B-**

Pertinente a la controversia que nos ocupa, el Artículo 653 del *Código Civil de Puerto Rico de 2020* define el término alimentos como, *"todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de la familia"*.[26]

Con relación al deber de alimentos de un progenitor a sus hijos para su educación, el Tribunal Supremo reiteró en *Key Nieves v. Oyola Nieves,*[27] que dicha obligación no podía cesar meramente por el hecho de que ese alimentista hubiese alcanzado la mayoría de edad.[28] Esbozó que, bajo circunstancias "normales", es decir, sujeto a los resultados, diligencia y continuidad observada en los estudios, un hijo que comenzó durante su minoridad sus estudios de bachillerato tiene derecho a exigir alimentos de sus padres para obtener ese grado académico.[29]

Cónsono con ello, el actual Código Civil establece en su artículo 655 que:

> *Si el alimentista **alcanza la mayoridad** mientras cursa ininterrumpidamente estudios profesionales o vocacionales, la **obligación de alimentarlo se extiende hasta** que **obtenga el grado** o título académico o técnico correspondiente **o** hasta que alcance **los veinticinco (25)***

---

[24] *Id.*

[25] *Id.*; *Zorniak Air Serv. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[26] Artículo 653 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7531.

[27] 116 DPR 261 (1985).

[28] *Id.*, a la pág. 266.

[29] *Id.*

> *años de edad*, *lo que ocurra primero,* *a discreción del juzgador y dependiendo las circunstancias particulares de cada caso. [...]*.[30]

Así pues, la obligación de sufragar los estudios de un hijo no cesa automáticamente cuando este alcanza a su mayoría de edad.[31] Según ha resuelto nuestro Tribunal Supremo, en aquellos casos en que el alimentista haya iniciado sus estudios universitarios a nivel de bachillerato durante su minoridad, como regla general, tendrá derecho a exigir de sus progenitores que le provean los medios necesarios para terminar dicha etapa educativa, aun luego de haber llegado a la mayoridad.[32]

De igual forma, un hijo que ha alcanzado la mayoría de edad no apareja —*ipso facto*— la pérdida del derecho a reclamar alimentos de sus padres, pues siempre subsiste la obligación que emana del artículo 658 del Código Civil 2020 para atender las **necesidades alimentarias entre parientes**.[33] El aludido Código dispone, entre otras cosas, que: *"[e]stán obligados recíprocamente a proporcionarse alimentos, en toda la extensión que señalan los artículos precedentes: (a) los cónyuges; (b) los ascendientes y descendientes; (c) los hermanos"*.[34]

Así —*a diferencia de la obligación de alimentar que tienen los padres con patria potestad*— la cuantía de los alimentos debidos a la mayoría de edad estará sujeto a las necesidades del alimentista y a los recursos de los alimentantes, proporcionado al caudal respectivo de cada padre.[35]

En cuanto a quien tiene legitimación para reclamar alimentos a nombre del alimentista menor de edad, el Tribunal Supremo expresó que, mientras los hijos son menores de edad y no se han

---

[30] 31 LPRA sec. 7533.
[31] *Rivera et al. v. Villafañe González*, 186 DPR 289, 294 (2012).
[32] *Id.*, pág. 295. Véase, además, *Argüello v. Argüello*, 155 DPR 62, 72 (2001); *Key Nieves v. Oyola Nieves*, 116 DPR 261, 266 (1985).
[33] *Véase*; Artículo 658 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 7541.
[34] *Id.*
[35] 31 LPRA sec. 7561.; *Argüello v. Argüello García*, supra.

emancipado, el progenitor custodio con patria potestad está capacitado para reclamar alimentos en beneficio de estos.[36] Puntualizó que, una vez cesa esa incapacidad por minoridad, los padres ya no pueden acudir a los tribunales a representar los intereses de sus hijos.[37] En tal caso, el hijo con mayoría de edad se encuentra revestido de la capacidad jurídica necesaria para comparecer.[38]

Por otro lado, si el tribunal decide relevar al alimentante de la pensión alimentaria, la pregunta a contestar es: ***cuándo es efectivo el relevo de la pensión.*** La respuesta es que —como regla general— la efectividad ***será prospectiva y coincidirá con la fecha en que se resuelva que proceden***.[39] No obstante, apuntó que el tribunal primario tenía discreción y facultad para ordenar que su dictamen se ***retrotraiga*** a la fecha en que formalmente se le solicitó tal remedio, ***siempre y cuando las circunstancias del caso así lo ameriten***.[40] Cuando un alimentista menor de edad recibe alimentos por parte de un alimentante, es importante indicar que el alimentante tiene el deber de poner al tribunal en conocimiento de que sus hijos alimentistas están próximos a llegar a la mayoridad y su interés de ser relevado del pago de la pensión alimentaria.[41] En ese sentido, la pensión otorgada a un menor de edad continuará en vigor, aunque advenga a la mayoría de edad, ***hasta que no se***

---

[36] *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 535 (2009).

[37] *Id.,* pág. 536.

[38] *Véase*; el Art. 100 y el Art. 650 del Código Civil 2020, 31 LPRA secs. 5601, 7472.
   ***Artículo 100 — _Presunción de capacidad_***
   *Se presume la capacidad de la persona natural mayor de edad, de obrar por sí misma. Contra esta presunción solo se admite la sentencia de incapacitación absoluta o de restricción parcial de la capacidad por las causas y la extensión que determina la ley.* 31 LPRA sec. 5601.
   ***Artículo 650 – _Legitimación para comparecer a juicio_***
   *El menor emancipado puede comparecer a juicio por sí mismo. Los plazos de prescripción y de caducidad que le perjudican comienzan a transcurrir desde el momento en que se inscribe la emancipación en el Registro Demográfico.* 31 LPRA sec. 7472.

[39] *Rivera et al. v. Villafañe González, supra,* a la pág. 296. Cita en aprobación a *Valencia, Ex parte,* 116 DPR 909 (1986).

[40] *Id.*

[41] *Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 576 (2012).

*realice el trámite procesal descrito*.[42] La referida moción se le notificará al alimentista, de modo que: *[p]ueda comparecer dentro de ese mismo pleito; establecer a nombre propio que sus necesidades permanecen vigentes; y, que reúne los requisitos que le hacen acreedor de la pensión a pesar de que ya es mayor de edad"*.[43] Entonces, solo restará que el tribunal —*tomando en consideración las circunstancias particulares de cada caso*— evalúe si procede relevar al alimentante de la obligación que se le había impuesto hasta ese momento.

### -III-

En resumen, la parte peticionaria sostiene en los <u>primeros dos (2) errores</u>, que el TPI incidió al determinar que la vista evidenciara era académica. Añade, que dicho foro violó el debido proceso de ley al relevar al señor García Pagán del pago de pensión, aun cuando el joven adulto García Díaz no ha dejado de necesitar de alimentos. **No les asiste la razón, explicamos.**

Surge del récord ante nos, que el **10 de junio de 2019** las partes —la señora Díaz Santiago y el señor García Pagán—, acordaron *una pensión de $375 mensuales pagaderas por el Sr. García Pagán.* Luego, el recurrido informó tener dificultades económicas, por lo que solicitó la intervención del TPI.[44] Dicho foro intervino en el asunto, sin embargo, la copeticionaria no estuvo conforme con la determinación de instancia, y recurrió ante nos.

Así, —y ante el mandato expreso de este Tribunal de Apelaciones a la celebración de una vista evidenciaria— las partes iniciaron un descubrimiento de prueba. Durante dicho descubrimiento, surgió que el interventor **había completado su bachillerato en Mayo de 2023**.

---

[42] *Id.*
[43] *Id.*
[44] *Véase*, Apéndice 4 de la *Petición de Certiorari*, págs. 32 – 33.

Ante tal hecho y la vista ordenada, el TPI señaló que había una nueva controversia en el caso: *"[s]i el hecho que el joven ya se graduó y ante el hecho que el demandante se allanó a que el relevo fuese efectivo a mayo 2023 hace académica la celebración de la vista de relevo por razón de estudio".* El foro primario determinó en la afirmativa, ya que se había cumplido la única condición para la terminación de la **pensión por razón de estudio**.

Concurrimos con el TPI, aun cuando había un mandato expreso de este Tribunal al celebrar una vista evidenciaria, la misma se convirtió en **académica** ante la culminación de los estudios académicos del joven adulto García Díaz. Conforme al derecho antes expuesto, cuando un joven llega a la mayoría de edad, la obligación del alimentante puede extenderse hasta que obtenga el grado o alcance los veinticinco (25) años de edad, **lo que ocurra primero**.

De la *Resolución* recurrida, surge que cuando el joven adulto García Díaz interviene en el pleito, la razón que se planteaba era una obligación del señor García Pagán en alimentar al interventor, ya que éste estaba cursando estudios universitarios.[45] Por lo que, el TPI correctamente concluye que **el joven tenía una pensión por razón de estudio, no por incapacidad**. Es por ello que, al completar su grado académico le correspondía al foro primario relevar de su obligación al señor García Pagán.

Por otro lado, y en cuanto al señalamiento de error tres (3), la parte peticionaria alega que el TPI incidió al adjudicar que no se trajo prueba suficiente sobre las limitaciones que la condición de autismo ejerce sobre el joven García Díaz. Añade en el último error que, el aludido foro se equivocó al determinar que el reclamo de los alimentos entre parientes debía ser adjudicarse en un pleito independiente en contravención a las normas de economía procesal.

---

[45] *Véase,* Apéndice 1 de la *Petición de Certiorari* pág. 19.

De entrada, apuntamos que ambos errores no fueron cometidos por el TPI. Contrario a lo planteado por la parte peticionaria, el foro recurrido, en lo pertinente, expresó:

> [A]un si consideráramos que la prueba pericial desfilada es vinculante *para efectos de determinar su capacidad de tener empleo o generar ingresos como ahora se procura,* tendríamos que desestimar el reclamo ya que es un hecho irrefutable que **el perito declaró que el joven era funcional.**
>
> A lo anterior debemos añadir que **advinimos en conocimiento que la Sra. Díaz Santiago y el interventor presentaron una petición de declaración de incapacidad y nombramiento de tutor en una sala hermana de este Tribunal (caso número BY2023RF01406)**. . . . [D]ebemos también resaltar que el presente pleito comenzó como uno de relaciones filiales y patria potestad en el cual se incluyeron eventualmente unos alimentos de una persona que hoy tiene más de 25 años. No se trata de un caso de divorcio entre las partes. Por tanto, si aún si se fuera a considerar la continuación de los alimentos a favor de Jorge Ibrahim por razón de incapacidad (declarada judicialmente en otro pleito), **el reclamo debería hacerse un pleito nuevo e independiente.** La jurisprudencia ha permitido a personas adultas traer el reclamo de alimentos entre parientes por razón de estudio dentro del mismo pleito de divorcio entre los padres, pero este no es el presente caso. Aunque *inicialmente se permitió la continuación de los alimentos porque se habían trabajado anteriormente en este caso, ya no se justifica mantener activo un pleito iniciado en el 1997 como de relaciones filiales y patria potestad* para una persona que hoy, y desde el 2017 *no está sujeta a la patria potestad de ninguno de sus progenitores.*[46]

Nótese, que el presente caso inició en 1997 como uno de *relaciones filiales y patria potestad.* Durante el pleito, el TPI reconoció que el joven adulto García Díaz tiene una condición, y ante la necesidad de **alimentos para concluir sus estudios universitarios**, estos fueron estipulados por las partes y acogidos por el tribunal. No surge que se hayan establecido unos **alimentos** por incapacidad, sino por **razón de estudio**. Por lo que, al concluir los estudios académicos del interventor, también concluyó la obligación del recurrido.

Ahora bien, un hijo mayor de edad puede reclamar alimentos a sus parientes incluyendo sus progenitores, pero para ello debe demostrar sus necesidades. No obstante, concurrimos con el foro primario, no hay razón para que un pleito iniciado *como relaciones*

---

[46] *Véase,* Apéndice 1 de la *Petición de Certiorari,* págs. 19 – 20.

*filiales y patria potestad* continue activo, si la parte no está sujeta a la misma desde 2017. Por lo que, si el joven adulto García Díaz necesitará unos alimentos entre parientes, sus necesidades deben ser probadas en un pleito independiente; máxime, si se pretende que sea por incapacidad.

Así, a la luz de lo antes expuesto, no surge razón alguna que nos muevan a variar el dictamen recurrido, por lo tanto, ello merece nuestra deferencia.

**-IV-**

Por los fundamentos antes expresados, **expedimos** el auto solicitado y **confirmamos** la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones