ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SAMUEL VALDERRAMA COREZ<br><br>Recurrido<br><br>v.<br><br>MYRIAM VALDERRAMA COREZ, Y OTROS<br><br>Peticionaria | KLCE202401280 | *Apelación*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2021CV00638<br><br>Sobre:<br>División de Herencia |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece ante nos Myriam Valderama Corez, (en adelante, Peticionaria), mediante recurso de *"Certiorari"*, presentado el 25 de noviembre de 2024. La Peticionaria nos solicita que revoquemos la *Orden* dictada y notificada el 1 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI). Mediante dicha *Orden*, el TPI declaró *No Ha Lugar* la reconsideración presentada por la Peticionaria el 30 de octubre de 2024.

Por los fundamentos que exponemos a continuación, *denegamos* el recurso ante nuestra consideración.

## I.

El 18 de febrero de 2021, Samuel Valderama Corez (en adelante, Recurrido) presentó, por derecho propio, una demanda por división de bienes hereditarios. En esta, solicitó la liquidación de todos los bienes de la herencia de su padre, el señor Ismael Valderama Ortega (en adelante, causante), y, además, que se

adjudicaran los créditos correspondientes a las partes. A su vez, peticionó la remoción de la Peticionaria como la albacea de la sucesión del padre, y que se ordenara la tasación de las propiedades de la herencia por un tasador profesional independiente.

Así, el 17 de noviembre de 2021, la Peticionaria presentó su *Contestación a Demanda*. Mediante esta, planteó sus defensas afirmativas, y solicitó que se enmendara la demanda para cumplir con la Regla 8.2 de Procedimiento Civil.

Tras varios incidentes procesales, el 29 de agosto de 2022, la Peticionaria presentó *Moción Solicitando Permiso para Enmendar Contestación a la Demanda y Reconvención*. Sostuvo que advino conocimiento que el Recurrido maltrataba física y emocionalmente al causante, y arguyó que dicho maltrato era causa de indignidad. En específico, indicó que se había mudado a la residencia del causante recientemente, y ahí, encontró evidencia documental que sustentaba la enmienda. Arguyó que dicho maltrato causó que el causante le tuviera miedo al Recurrido. Por tanto, solicitó enmendar su contestación para incorporar la reconvención de indignidad en contra del Recurrido.

El 12 de septiembre de 2022, el TPI dictó *Resolución y Orden* y, entre otros dictámenes, declaró *No Ha Lugar* la *Moción Solicitando Permiso para Enmendar Contestación a la Demanda y Reconvención*. Sostuvo que, en la etapa en que se encontraba el pleito, no veía necesidad de "incluir cuestiones omitidas o para clarificar reclamaciones."

Luego de dos años de incidencias procesales, y tres abogados que fungieron como su representación legal y renunciaron, el 22 de octubre de 2024, el Recurrido presentó una *Moción de Renuncia Urgente*. Arguyó que había hecho una

multitud de gestiones para conseguir una representación legal seria y responsable, pero estas habían resultado infructuosas, por lo avanzado que estaba el caso. Además, indicó que su salud no le permitía continuar con el mismo. Por tanto, solicitó el archivo del caso de epígrafe, sin perjuicio.

Así las cosas, el 24 de octubre de 2024, el TPI declaró *Con Lugar* la moción presentada por el Recurrido. Mediante esta, ordenó el archivo del caso sin perjuicio, sin imposición de costas, gastos, ni honorarios de abogado. Además, dejó sin efecto los trámites posteriores del caso.

Inconforme, el 30 de octubre de 2024, la Peticionaria presentó una solicitud de *Reconsideración*. En esta, peticionó que se continuaran los trámites correspondientes. Arguyó que, a pesar de que el Recurrido había desistido de sus reclamaciones, aun subsistían las reclamaciones que la Peticionaria había incoado, mediante su *Moción Solicitando Permiso para Enmendar Contestación a la Demanda y Reconvención*. Además, reiteró que el Recurrido había atrasado los procedimientos desde el principio, y que dicha conducta debía ser sancionada por temeridad. En específico, sostuvo que el Recurrido tuvo tres abogados durante el litigio, y que el expediente estaba plagado de ordenes de advertencias de sanciones y archivo por dejadez y desacato.

Tras denegada dicha solicitud de reconsideración, la Peticionaria compareció ante nos mediante el presente recurso, el 25 de noviembre de 2024. En el mismo expuso los siguientes señalamientos de error:

(a)   Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la reconsideración presentada por la co-demandada permitiendo el archivo de la demanda y en conjunto la reconvención presentada.

(b)   Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la imposición de honorarios de abogado a favor de la peticionaria.

El 4 de diciembre de 2024, emitimos una *Resolución* donde ordenamos a la parte recurrida a presentar su posición en torno al presente recurso, en o antes del 30 de diciembre de 2024.

Transcurrido el término concedido, el Recurrido no presentó su alegato. Habiéndose perfeccionado el recurso para su adjudicación, resolvemos.

## II.

El auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el auto de *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de esta naturaleza. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone que son los siguientes:

1. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

2. Si la situación de hechos planteada es la más indicada para el análisis del problema.

3. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

4. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

5. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

6. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

7. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, supra, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000). Por ende, si

no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

**III.**

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

El TPI declaró *Con Lugar* la *Moción de Renuncia Urgente* presentada por el Recurrido, y ordenó el archivo del caso sin perjuicio, sin la imposición de costas, gastos, ni honorarios de abogado. Por su parte, la Peticionaria solicitó la reconsideración de dicho dictamen, arguyendo que la conducta del Recurrido durante el trámite del pleito debía ser sancionada por temeridad. Además, planteó que aun subsistían las reclamaciones que la Peticionaria había incoado, mediante su *Moción Solicitando Permiso para Enmendar Contestación a la Demanda y Reconvención*. Sin embargo, dicha moción fue declarada *No Ha Lugar*, por el TPI, el 12 de septiembre de 2022. Por tanto, el TPI denegó la solicitud de reconsideración.

Así las cosas, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las

normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

## IV.

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones