ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DELIA E. MATOS SANTIAGO<br><br>APELANTE<br><br>v.<br><br>NELSON MATEO MORALES<br><br>APELADO | KLAN202401133 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B AL2004-0434<br><br>Sobre: Alimentos |

Panel integrado por su presidenta, la Jueza Lebrón Nieves, la Jueza Romero García y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2026.

Compareció la Sra. Delia E. Matos Santiago (en adelante, "señora Matos Santiago" o "apelante") mediante el recurso de apelación de epígrafe. Nos solicita la revisión de la *Resolución* emitida el 22 de octubre de 2024 y notificada el 8 de noviembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante, "foro de instancia"). En el referido dictamen, el foro de instancia otorgó un crédito correspondiente a una deuda de pensión alimentaria contraída por el Sr. Nelson Mateo Morales (en adelante, "señor Morales" o "apelado") y, a su vez, lo reveló de pagar de pensión alimentaria.

Por los fundamentos que expondremos a continuación, se **modifica en parte** la *Resolución* apelada, y así modificada, se **confirma** el resto.

**-I-**

---

[1] Mediante la Orden Administrativa OATA-2025-0002 emitida el 9 de enero de 2025 se designó al Juez Isaías Sánchez Báez en sustitución del Juez Waldemar Rivera Torres.

Se desprende del expediente que, el 27 de diciembre de 2023, el señor Morales presentó *Moción asumiendo representación legal y solicitud de relevo de pensión.*[2]

A esos efectos, el 9 de enero de 2024, el foro de instancia emitió una *Resolución y Orden* en la cual concedió un término de veinte (20) días a la señora Matos Santiago para expresar su posición respecto a la solicitud de relevo de pensión alimentaria.[3]

En cumplimiento de orden, el 21 de febrero de 2024, la señora Matos Santiago presentó *Moción en r[é]plica a solicitud de relevo de pensión y otros extremos.*[4] En esta, alegó que ostentaba la patria potestad y custodia de su hijo, y, además, cubría todas sus necesidades, aun cuando este pernoctara con sus abuelos. Indicó, a su vez, que el señor Morales adeudaba $36,499.35 de pensión alimentaria, lo cual era equivalente al pago mensual de cuatro (4) años. Es decir, argumentó que el señor Morales llevaba cuatro (4) años sin pagar pensión alimentaria. Además, reconoció que su hijo practicaba el oficio de la barbería como un pasatiempo y adujo que dicha actividad no le permitía cubrir sus necesidades. Por todo lo cual, sostuvo que no procedía un relevo de pago de pensión.

En igual fecha, la señora Matos Santiago presentó una *Moción en solicitud de desacato* en la cual solicitó que se encontrara al señor Morales incurso en desacato por no obedecer las órdenes del Tribunal respecto a su obligación de satisfacer la pensión alimentaria para su hijo.[5]

Por su parte, el 14 de marzo de 2024, el señor Morales presentó *R[é]plica a moción en r[é]plica a solicitud de relevo de pensión y otros extremos.*[6] Puntualizó que la cuantía adeudada no se relaciona con su solicitud de relevo de pensión alimentaria. Alegó

---

[2] Apéndice del recurso, anejo I, pág. 1.
[3] *Id.*
[4] *Id.*, anejo II, págs. 3-5.
[5] *Id.*, anejo IV, pág. 7.
[6] *Id.*, anejo V, págs. 8-10.

que su hijo tiene una fuente de ingresos y capacidad de pago, ya que trabaja en *Per Capelli Salón by Chapus* en el municipio de Juana Díaz, realiza recortes en la casa de sus abuelos, hace limpieza de patios y asume el pago mensual de una deuda de vehículo de motor. Además, sostuvo que la señora Matos Santiago no ostenta la custodia *de facto* sobre su hijo, toda vez que este reside con sus abuelos desde diciembre de 2022, quienes le proveyeron alimentos, residencia, luz, agua, dinero en efectivo para sus gastos y le compraron un vehículo.

Así las cosas, el 26 de junio de 2024, el foro de instancia celebró una Vista para determinar el monto de la deuda y atender la solicitud de relevo de pensión alimentaria. Allí, el foro de instancia tuvo ante su consideración los testimonios siguientes: (i) la Sra. Lydia Morales Santiago, abuela paterna, y (ii) el joven Nelson Mateo Matos.[7]

Posteriormente, el foro de instancia emitió una *Resolución*[8] escrita el 22 de octubre de 2024, notificada el 8 de noviembre de 2024, en la cual hizo las determinaciones de hechos siguientes:

1. Las partes son los progenitores del joven Nelson Mateo de 20 años.

2. Existe una pensión alimentaria para beneficio del joven por la cantidad de $774.88 mensual. Actualmente, hay una deuda por concepto de pensión alimentaria para lo cual se estableció un plan de pago mensual y 2 abonos al año hasta satisfacer la misma.

3. Entre las partes existe una controversia en cuanto a la cuantía total de la deuda.

4. El Sr. Nelson Mateo Morales alega que el joven Nelson Mateo Matos no residió bajo la custodia de la progenitora, durante aproximadamente diecisiete (17) meses del periodo de diciembre de 2022 hasta abril de 2024, por lo que el pago de pensión alimentaria a la demandante durante ese periodo no procede y reclama se le descuente el pago de pensión alimentaria por el periodo de los 17 meses del total de la deuda. La cuantía aproximada por dicho periodo sería $13,172.96 (17 meses x $774.88). Por su parte, la progenitora alega que, aunque el menor residió con los abuelos no fue al 100% porque en

---

[7] *Id.*, anejo VI, pág. 11.
[8] *Id.*, anejo VI, págs. 11-15.

ocasiones pernoctaba con ella. El demandado solicita además el relevo de pago de pensión alimentaria.

5. Del testimonio del joven Nelson Mateo Matos surge que aproximadamente en diciembre de 2022, a raíz de una disputa con su progenitora se fue a residir a la casa de los abuelos paternos.

6. Surge, además, del testimonio de la Sra. Lydia Morales Santiago, a quien el tribunal le dio entera credibilidad, que el joven Nelson Mateo Matos residió con sus abuelos paternos desde diciembre de 2022 a principios de marzo de 2024. Durante el tiempo que el joven residió con sus abuelos paternos le proveyeron techo, alimento, dinero para los gastos de comida en la universidad y gasolina, además pagaron por las utilidades que este utilizaba. Durante el tiempo que el menor residió en casa de los abuelos paternos, la progenitora no les dio aportación económica alguna. Ahora bien, la madre compró vestimenta para el joven. Los abuelos recibieron aportación del padre.

7. La relación del joven Nelson Mateo Matos con su novia concluyó en abril de 2024. El joven durante el periodo de diciembre de 2023 a marzo de 2024, cuando no se quedaba con los abuelos paternos pernoctaba en casa de la novia. Durante ese periodo pasaba aproximadamente cuatro (4) días con los abuelos paternos y el resto del tiempo residía con su expareja.

8. Finalizada la relación con la novia en abril de 2024, el joven retornó a residir con la Sra. Delia E. Matos Santiago y actualmente continúa residiendo con su progenitora.

9. El joven Nelson Mateo Matos trabajó durante el periodo de abril a septiembre de 2023 en una barbería en Salinas, Puerto Rico.

10. El joven Nelson Mateo Matos se graduó en noviembre 2023.

11. Desde septiembre 2023 al presente el joven Nelson Mateo Matos trabaja en una barbería en Juana Díaz de martes a sábado en el horario de 8:00 a.m. a 6:00 p.m. No paga por su silla.

12. El joven Nelson Mateo Matos contribuye con el pago de sus gastos.

13. El joven Nelson Mateo Matos hace cuatro (4) meses aporta para el pago de la guagua que compró su madre y éste utiliza.

14. El joven Nelson Mateo Matos devenga como ingreso el 60% del trabajo que realiza como barbero. En términos generales por un corte de pelo se cobra aproximadamente la cantidad de $25.00.

15. De diciembre de 2022 a marzo de 2024 (16 meses) el joven Nelson Mateo Matos no residió con su progenitora.[9]

---

[9] *Id.*, anejo VI, págs. 11-12.

Basándose en lo anterior, el foro de instancia le otorgó un crédito al señor Morales sobre la pensión alimentaria adeudada correspondiente al periodo de diciembre de 2022 a marzo de 2024, ya que su hijo estuvo bajo la custodia de los abuelos paternos y estos le proveyeron sus alimentos. A su vez, el foro de instancia relevó al señor Morales de pagar la pensión alimentaria a partir del 1 de julio de 2024, en la medida que el menor culminó sus estudios, trabaja como barbero, genera ingresos y satisface sus propios gastos. Además, el foro de instancia ordenó al señor Morales a cumplir con un plan de pago para satisfacer la pensión alimentaria adeudada consistente en pagar $950.00 mensuales y dos abonos al año de $500.00 en o antes del 15 de julio y 15 de diciembre.

Inconforme con lo anterior, el 9 de diciembre de 2024, la señora Matos Santiago acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los errores siguientes:

> Primer Error: Erró el Honorable Tribunal de Primera Instancia al resolver que si puede haber crédito retroactivo sobre una pensión alimentaria en el presente caso[,] cosa que es completamente contrari[a] a la ley.

> Segundo Error: Erró el Honorable Tribunal de Primera Instancia ya que ante una petición de mostrar causa por incumplimiento de pago de pensión alimentaria por la cantidad de $36,499.35 establecer un plan de pago que tardaría m[á]s de 11 años en pagarlo.

> Tercer Error: Erró el Honorable Tribunal de Primera Instancia al determinar que procede el relevo de pensión por adquirir un grado técnico cuando no hay prueba de que el menor devenga el salario mínimo o una cantidad suficiente para sustentarse por si mismo.

Transcurrido el término dispuesto en la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 36-37, 215 DPR __ (2025), para que el señor Morales presentara su alegato en oposición al recurso de epígrafe, no compareció, por lo que damos por perfeccionado el recurso.

**-II-**

**A. Reducción de pensión alimentaria**

La Ley Núm. 5 de 30 de diciembre de 1989, según enmendada, conocida como *Ley Orgánica de la Administración para el Sustento de Menores,* 8 LPRA sec. 501 *et seq.* (en adelante, "Ley Núm. 5") tiene el propósito de regular la obligación de los progenitores de proveer alimentos a sus hijos menores de edad, lo cual es parte del derecho a la vida consagrado en nuestra Constitución.

La mencionada legislación rige los procedimientos para fijar pensiones alimentarias y, además, establece los criterios para revisar las pensiones impuestas con anterioridad. 8 LPRA sec. 518. Conforme a la Ley Núm. 5, se entiende que el procedimiento de revisión es una nueva consideración de la pensión que, de ordinario, se efectúa cada tres (3) años luego de la originalmente fijada o modificada. 8 LPRA sec. 501 (38). No obstante, cualquiera de las partes puede instar la revisión de la pensión antes de dicho término, si puede demostrar que ha ocurrido un cambio sustancial en las circunstancias de la persona custodia, de la no custodia o del menor alimentista. 8 LPRA sec. 518(c). Las circunstancias que pueden constituir cambios sustanciales son las siguientes: variaciones o cambios significativos o imprevistos en los ingresos, en la capacidad de generar ingresos, en los egresos, gastos o capital de la persona custodia o de la persona no custodia, o en los gastos, necesidades o circunstancias del menor. *Id.*

En nuestro ordenamiento está firmemente establecido que "[l]a obligación de prestar alimentos es exigible desde que el alimentista los necesita, pero se abonan desde la fecha en que se interpone la demanda". Artículo 667 del Código Civil, 31 LPRA sec. 7563. Incluso, el Artículo 19 de la Ley Núm. 5 reitera que "[l]os pagos por concepto de pensiones alimentarias y de solicitudes de aumentos en las mismas serán efectivos desde la fecha en que se presentó la petición de alimentos en el tribunal". 8 LPRA sec. 518(b). Esto es, la norma general es que la adjudicación sobre una solicitud

de pensión alimentaria o una solicitud de aumento se retrotrae al momento en que se solicitó la misma.

Sin embargo, en cuanto a la adjudicación de una **solicitud de rebaja de pensión alimentaria**, nuestro Tribunal Supremo ha sostenido que "la fecha de efectividad de una rebaja en la pensión alimentaria deberá ser la del día en que emite el dictamen que la autoriza". *Vázquez v. López*, 160 DPR 714, 728 (2003). Es decir, tiene efectividad prospectiva. Asimismo, lo reitera el Artículo 19 de la Ley Núm. 5 y añade lo siguiente:

> no estará sujeta a reducción retroactiva en Puerto Rico ni en ningún estado, excepto que en circunstancias extraordinarias el Tribunal o el Administrador podrán hacer efectiva la reducción a la fecha de la notificación de la petición de reducción al alimentista o acreedor o de la notificación de la intención de modificar, según sea el caso.

8 LPRA sec. 518(b).

En otras palabras, en Puerto Rico —a manera de excepción— solo si existen "circunstancias extraordinarias" podría establecerse de forma retroactiva una reducción en la pensión alimentaria, meramente a la fecha de la notificación de la solicitud de rebaja. *Id.* Tales "circunstancias extraordinarias" se refieren a situaciones de "enfermedad, hospitalización, inconsciencia y, en general, cualquier evento constitutivo de fuerza mayor o de caso fortuito". *Vázquez v. López*, supra.

De otro lado, en relación con una **solicitud de rebaja sobre cuantías devengadas y adeudadas por concepto de pensión alimentaria**, el Artículo 19 de la Ley Núm. 5 dispone que "[n]o se permitirá la reducción retroactiva del monto de la deuda por concepto de las pensiones alimentarias devengadas y no pagadas". 8 LPRA sec. 518(b). En armonía con ello, el Código Civil reafirma que **"[l]a reducción de la cuantía adecuada no es aplicable a las cantidades vencidas y no satisfechas antes de presentarse la solicitud**".  Artículo 673 del Código Civil, 31 LPRA sec. 7569 (énfasis

suplido). Sobre lo anterior, nuestro Tribunal Supremo ha explicado lo siguiente:

> los tribunales de instancia deben de abstenerse de intervenir con el monto de las pensiones aliment[arias] devengadas con anterioridad a la fecha de radicación de las solicitudes de rebaja de pensión alimenticia, excepto en aquellas situaciones extraordinarias en que el alimentista pueda demostrar --en adición a la procedencia de la rebaja propiamente-- que por razón de una enfermedad o accidente de índole incapacitante estuvo realmente imposibilitado de radicar a tiempo la moción de rebaja correspondiente.

*Valencia, Ex parte*, 116 DPR 909, 916-917 (1986).

Es decir, no debemos intervenir con aquellas cuantías de pensión alimentaria adeudas previamente a la solicitud de rebaja, a menos que el solicitante demuestre que estuvo imposibilitado de presentar a tiempo su solicitud por razón de enfermedad o accidente de índole incapacitante.

Asimismo, nuestra Alta Curia ha advertido que "intervenir 'a posteriori' con pensiones aliment[arias] ya 'devengadas' con que [...] [ese progenitor custodio] contaba para poder cumplir con los compromisos contraídos [...] causaría una desastrosa e inaceptable inestabilidad [...] que no debe ser permitida." *Valencia, Ex parte,* supra. Ello, debido a que el progenitor custodio "necesita saber con certeza con qué dinero puede contar de semana en semana y de mes a mes para el sustento de sus hijos". *Id.* Razón por la cual, el Tribunal Supremo concluyó que permitir un relevo retroactivo de una pensión anteriormente establecida "tendría el efecto de fomentar aún más los atrasos en el pago de las pensiones aliment[arias]" y va "en contra de los mejores intereses" del menor. *Vázquez v. López,* supra, pág. 727.

Además, el Código Civil añade que "[e]l alimentante no puede reducir la cuantía de la obligación sin la autorización judicial. Sometida la solicitud de reducción y probados sus fundamentos, el tribunal dictará su resolución, desde cuya fecha será efectiva". Artículo 672 del Código Civil, 31 LPRA sec. 7568. De ordinario, en

los casos de una modificación de pensión alimentaria, el peso de la prueba para establecer su procedencia recae sobre el solicitante del aumento o el solicitante de la reducción. *McConnell v. Palau*, 161 DPR 734, 750 (2004).

De otro lado, el Código Civil reconoce que la obligación alimentaria se puede extinguir por las causas siguientes:

(a) por la muerte del alimentista o del alimentante;

(b) cuando el patrimonio del alimentante se reduce hasta el extremo de no poder satisfacerlos sin desatender sus propias necesidades y las de su familia inmediata; salvo cuando el alimentista sea menor de edad, que será de aplicación las normas de la legislación especial complementaria;

**(c) cuando el alimentista puede ejercer un oficio, profesión o industria, o ha mejorado su situación económica;**

(d) cuando el alimentista, sea legitimario o no, comete alguna falta de las que dan lugar a la desheredación; o

(e) cuando la necesidad del alimentista proviene de su mala conducta o de la falta de aplicación al trabajo, mientras subsista esta causa.

Artículo 679 del Código Civil, 31 LPRA sec. 7581 (énfasis suplido).

Con relación al inciso (c) del artículo anterior —equivalente al Artículo 150(3) del derogado Código Civil de 1930, 31 LPRA sec. 569— la profesora Sarah Torres Peralta señala que:

Ningún alimentante tiene la obligación de mantener y alimentar a un alimentista que tiene profesión, y que está bien preparado para ejercerla o para ejercer un oficio o industria. Por eso es que tampoco se requiere que el alimentista trabaje *de facto*. Basta que se establezca que el alimentista tiene la aptitud para trabajar o para ejercer el oficio, profesión o industria de que se trate. Así se pronuncia Manresa, en sus *Comentarios al Código Español*:

[...] basta la mera posibilidad de que este pueda ejercer un oficio, profesión o industria, o haya adquirido un destino o cualquiera otro medio de subsistencia, que haga innecesaria la pensión alimenticia.

[...]

"El Código no exige que de hecho se ejerza una industria, profesión u oficio para reputar que ha desaparecido la necesidad, fundándose en el mismo principio a que obedece el caso 5, o sea el de que no puede fomentarse la holgazanería, por lo tanto,

cuando alimentista tiene aptitud y posibilidad para proporcionarse por dicho medio los alimentos y no lo hace, hay que presumir que no los necesita, y no merece el amparo de la ley.

S. Torres Peralta, *La Ley de Sustento de Menores y el Derecho Alimentario en Puerto Rico*, San Juan, Publicaciones STP, 2006-2007, pág. 7.20 citando a Manresa, *Comentarios al Código Civil Español.* Ed Reus 7ma edición. 1958, Tomo 1, pag. 849-850 (énfasis en el original).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el presente caso, la apelante señala tres (3) errores cometidos por el foro de instancia, los cuales se discutirán de manera individual. En cuanto al primer señalamiento de error, la apelante alega que el foro de instancia erró al conceder un crédito retroactivo sobre una pensión alimentaria adeudada previo a su solicitud. Tiene razón, veamos.

Conforme explicamos en el acápite II de esta *Sentencia,* el Código Civil permite una reducción o rebaja en la cuantía de una pensión alimentaria con autorización judicial. 31 LPRA sec. 7568. No obstante, tanto la Ley Núm. 5, el Código Civil, así como su doctrina y la jurisprudencia interpretativa, aclaran inequívocamente que una reducción o rebaja en la pensión alimentaria será efectiva desde la fecha en que el Tribunal decida sobre la petición de reducción. 8 LPRA sec. 518(b); 31 LPRA sec. 7568. Esto es, la adjudicación de una solicitud de rebaja de pensión alimentaria tiene efectividad prospectiva desde la fecha en la cual se resuelve. En circunstancias extraordinarias, el foro de instancia podría establecer una reducción a la pensión alimentaria de forma *retroactiva* **a la fecha de la notificación de la solicitud de rebaja.** Véase, 8 LPRA sec. 518(b); *Vázquez v. López,* supra; y *Valencia, Ex parte,* supra. Entiéndase que, el solicitante de la reducción tiene el peso de la prueba de demostrar que estuvo enfermo, hospitalizado,

inconsciente o la ocurrencia de algún evento de fuerza mayor o de caso fortuito que le impidió hacer la correspondiente solicitud. *Vázquez v. López*, supra; además, véase *McConnell v. Palau*, supra.

No obstante, como regla general, el Código Civil y la Ley Núm. 5 establecen que **no procede una reducción o rebaja en la pensión alimentaria sobre aquellas cuantías adeudadas**, toda vez que fueron devengadas, vencidas y no satisfechas. Véase, 31 LPRA sec. 7569; 8 LPRA sec. 518(b). A manera de excepción, la pensión alimentaria devengada podrá reducirse solo si la alimentante prueba a satisfacción del Tribunal lo siguiente: (i) los méritos de la rebaja que interesa y (ii) "que por razón de una enfermedad o accidente de índole incapacitante estuvo realmente imposibilitado de radicar a tiempo la moción de rebaja correspondiente". *Rivera et al. v. Villafañe González*, supra, citando a *Valencia, Ex parte*, supra.

En el caso de epígrafe, el foro de instancia emitió el 22 de octubre de 2024 y notificó el 8 de noviembre de 2024, una *Resolución* escrita en la cual le otorgó un crédito al señor Morales sobre la pensión alimentaria adeudada correspondiente al periodo de diciembre de 2022 a marzo de 2024.

Sin embargo, tras examinar tanto el expediente como la regrabación de la Vista celebrada el 26 de junio de 2024, no hemos hallado ninguna justificación o circunstancia extraordinaria por la cual el señor Morales estuvo imposibilitado de solicitar a tiempo la reducción o rebaja de la pensión alimentaria adeudada correspondiente al periodo de diciembre de 2022 a marzo de 2024.

Nótese que no fue hasta el 27 de diciembre de 2023 que el señor Morales presentó la solicitud formalmente ante el foro de instancia. Esto es, el señor Morales dejó transcurrir el término de un año para solicitar una reducción o rebaja en la pensión alimentaria adeudada.

Es importante recordar que los tribunales no deben intervenir o reajustar las cuantías de aquellas pensiones alimentarias devengadas con anterioridad a la solicitud de reducción o rebaja. 8 LPRA sec. 518(b); 31 LPRA sec. 7569. Es decir, como Tribunal solamente tenemos la facultad de ordenar una reducción o rebaja sobre aquellas cuantías devengadas y adeudas de pensión alimentaria hasta la fecha cuando se solicitó formalmente, cuya vigencia será prospectiva. Salvo exista una circunstancia extraordinaria que imposibilitó la presentación de la solicitud a tiempo, en cuyo caso la rebaja podrá retrotraerse a la fecha de la solicitud.

Según mencionamos, el 26 de junio de 2024, el foro de instancia celebró una Vista y allí las partes tuvieron la oportunidad presentar sus argumentos, así como la prueba testifical que entendieron pertinente. No obstante, no surge ni de la regrabación de la Vista ni del expediente que el señor Morales hubiese estado enfermo, hospitalizado o inconsciente a tal magnitud que estuvo realmente imposibilitado de radicar a tiempo la moción de rebaja correspondiente.

Por lo tanto, sin entrar en los méritos de la reducción o rebaja, el foro de instancia erró al conceder un crédito sobre una pensión alimentaria adeudada, toda vez que esta fue devengada y no satisfecha. 31 LPRA sec. 7569; 8 LPRA sec. 518(b). Así pues, ante la ausencia de justificación o circunstancia extraordinaria, procede que revoquemos la determinación del foro de instancia a los fines de dejar sin efecto el crédito sobre la pensión alimentaria adeudada correspondiente al periodo de diciembre de 2022 a marzo de 2024. En fin, concluimos que el primer señalamiento de erro fue cometido por el foro de instancia.

A continuación, procedemos atender el segundo señalamiento de error. En esencia, la apelante sostiene que el foro de instancia

erró al establecer un plan de pago que tardaría once (11) años en satisfacer la deuda de pensión alimentaria.

Nos parece que el señalamiento parte de una interpretación errónea de la *Resolución* apelada. Nótese que el foro de instancia expresó lo siguiente:

> En cuanto al pago de la pensión alimentaria **atrasadas** se dispone que el demandado pagará un plan de pago por la cantidad de $950.00 mensuales a través de la ASUME, así como realizará dos (2) abonos al año de $500.00 en o antes del 15 de julio y el 15 de diciembre hasta satisfacer la totalidad de la deuda.

Véase, apéndice del recurso, anejo VI, págs. 14-15 (énfasis suplido).

En otras palabras, el foro de instancia ordenó al señor Morales a cumplir con un plan de pago para satisfacer la pensión alimentaria adeudada consistente en pagar $950.00 mensuales y dos abonos al año de $500.00 en o antes del 15 de julio y 15 de diciembre. De manera que las cuantías asignadas están destinadas —en su totalidad— a satisfacer la pensión alimentaria adeudada, toda vez que el foro de instancia relevó al señor Morales del pago de pensión alimentaria a partir del 1 de julio de 2024.

Considerando lo anterior, el señor Morales está obligado a pagar $12,400.00 anualmente ($950.00 x 12 meses + $500.00 + $500.00 = $12,400.00). En la medida en que el señor Morales cumpla con su obligación de pagar la referida cantidad anual, en un término de tres (3) años pagaría un total de $37,200.00. Recordemos que, las partes informaron durante la Vista celebrada el 26 de junio de 2024, que el señor Morales tenía una deuda de pensión alimentaria consistente en $35,873.75.

Así pues, considerando tanto las cuantías de pago asignadas en el referido plan de pago como la cuantía adeudada, el señor Morales debería poder satisfacer su deuda de pensión alimentaria en un término aproximado de tres (3) años. Ello, siempre y cuando el señor Morales satisfaga su obligación, según le fue ordenado.

En consecuencia, determinamos que no estamos en posición de concluir que la actuación del foro primario fuese irrazonable o que fuese el resultado de abuso de discreción. Concluimos que no se cometió el segundo señalamiento de error.

Por último, atendemos el tercer señalamiento de error. La apelante argumenta que el foro de instancia erró al relevar al señor Morales del pago de pensión alimentaria, ya que no hay evidencia de que el menor devengue el salario mínimo o cantidad suficiente para sustentarse.

Según explicamos en el derecho aplicable, la obligación alimentaria se puede extinguir, entre otras causas, cuando el alimentista puede ejercer un oficio o ha mejorado su situación económica. Artículo 679 del Código Civil, 31 LPRA sec. 7581. Nótese que, nuestro estado de derecho ni requiere que el alimentista trabaje *de facto* ni mucho menos que devengue un salario mínimo como plantea la apelante. Véase, S. Torres Peralta, *supra.* La precitada disposición lo que requiere es que el alimentista tenga la capacidad y la aptitud de ejercer una profesión u oficio. *Id.*

Surge tanto de la regrabación de la Vista como de la *Resolución* apelada que, el joven Nelson Mateo Matos declaró que había culminado sus estudios de barbería en noviembre de 2023 y que, desde septiembre de 2023, practicaba dicho oficio en una barbería localizada en el municipio de Juana Díaz con horario de 8am a 6pm. Asimismo, el joven Nelson Mateo Matos declaró —y consta en la *Resolución* apelada— que cobra $25.00 por recorte aproximadamente y que devengaba como ingresos el 60% de su trabajo. Además, el joven Nelson Mateo Matos sostuvo que contribuye al pago de sus gastos. Véase, las determinaciones de hechos núm. 10 al 14 de la *Resolución* apelada; apéndice del recurso, anejo VI, pág. 12.

En vista de lo anterior, determinamos que el joven Nelson Mateo Matos tiene la capacidad de ejercer el oficio de barbero, toda vez que culminó sus estudios, e incluso hizo contar que así lo hace. Además, nos parece importante resaltar que, al momento de la celebración de la vista, el joven Nelson Mateo Matos le faltaban siete (7) meses para adquirir la mayoría de edad.

Por lo cual, concluimos que el foro de instancia no erró al relevar al señor Morales del pago de pensión alimentaria. No se cometió el tercer señalamiento de error.

**-IV-**

Por los fundamentos expuestos previamente, se **modifica en parte** la *Resolución* apelada, a los fines de dejar sin efecto el crédito sobre la pensión alimentaria adeudada correspondiente al periodo de diciembre de 2022 a marzo de 2024. Así modificada, se **confirma el resto** del dictamen apelado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones